UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. DAVID S. FIELD,

                    Plaintiff,

-v-                                          CIVIL ACTION NO.: 21 Civ. 1990 (JGK) (SLC)

EXPONENTIAL WEALTH INC., et al.,                  **ORDER**

                    Defendants.

**SARAH L. CAVE**, United States Magistrate Judge.

On January 4, 2022, the Court directed Defendants to produce certain bank statements (the "Bank Statements") by January 21, 2022. (ECF No. 91 (the "Jan. 4 Order")). On January 10, 2022, Defendants' counsel moved to withdraw their representation (ECF No. 95 (the "Motion")) and, on January 18, 2022, Defendants advised the Court of their intent to retain new counsel. (ECF No. 100). On January 19, 2022, the Court extended Defendants' deadline to comply with the Jan. 4 Order, and directed Defendants to produce the Bank Statements "within two weeks of new counsel's notice of appearance." (ECF No. 101 at 2).

On March 14, 2022, the Court granted the Motion and directed (i) new counsel for Exponential Wealth Inc. to file a notice of appearance by March 28, 2022, and (ii) the individual Defendants to produce the Bank Statements by March 21, 2022. (ECF No. 109 (the "Mar. 14 Order")). In the Mar. 14, Order, the Court warned Exponential Wealth Inc. for the second time (see ECF No. 30) that, by law, corporations cannot proceed pro se (see Jacobs v. Pat. Enf't Fund, Inc., 230 F.3d 565, 568 (2d Cir. 2000)), and that failure to retain counsel may lead to entry of a

certificate of default and a default judgment. (Id. at 1–2). To date, no Defendant has retained new counsel or otherwise responded to the Jan. 4 or Mar. 14 Orders.

On March 31, 2022, Plaintiff filed a letter advising the Court that Defendants have failed to produce the Bank Statements and have otherwise failed to engage in the discovery process, and requesting sanctions under Fed. R. Civ. P. 37. (ECF No. 110).

Accordingly, the Court orders as follows:

1. By **April 8, 2022**, Plaintiff shall request a certificate of default as to Exponential Wealth Inc. from the Clerk of Court.

2. By **April 22, 2022**, Plaintiff shall file a Motion for Default Judgment in accordance with the Individual Practices of the Honorable John G. Koeltl, Rule 55 of the Federal Rules of Civil Procedure, and S.D.N.Y. Local Rule 55.

3. Plaintiff's request for sanctions under Rule 37 is DENIED WITHOUT PREJUDICE to a renewed request supported by a motion on notice (the "Sanctions Motion"), pursuant to the following briefing schedule:

    a. By **May 2, 2022**, Plaintiff serve and file the Sanctions Motion;

    b. By **June 1, 2022**, Defendants shall serve and file their opposition to the Sanctions Motion; and

    c. By **June 15, 2022**, Plaintiff shall file his reply.

Defendants are warned that their failure to oppose the Sanctions Motion may result in the award of the requested sanctions and the entry of a certificate of default and a default judgment. See Fed. R. Civ. P. 37(b)–(d) (providing, inter alia, that a party's failure to obey a discovery order may result in "a default judgment against the disobedient party"); Guggenheim

Cap., LLC v. Birnbaum, 722 F.3d 444, 454 (2d Cir. 2013) (finding that the district court "did not abuse its discretion by entering a default judgment against [the defendant] as a discovery sanction under Rule 37" for the defendant's willful disobedience of discovery orders); see also Fed R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

Plaintiff shall promptly serve a copy of this order on Defendants and file proof of service on the docket.

All other terms of the Mar. 14 Order remain in effect.

Dated:     New York, New York
           April 1, 2022

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**