UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DR. DAVID S. FIELD AND HOLLY FIELD,

                    Plaintiffs,

- against -

EXPONENTIAL WEALTH INC., ET AL.,

                    Defendants.

21-cv-1990 (JGK)

MEMORANDUM OPINION AND ORDER

---

JOHN G. KOELTL, District Judge:

The plaintiffs filed a letter motion in which they (1) moved to renew their motions for default judgments as to all the defendants; (2) requested that the Court strike Ryan Murnane's answer to the Second Amended Verified Complaint ("SAC"); and (3) requested a conference to move to dismiss Krystalynne Murnane's counterclaims.

The time to respond to the SAC was June 24, 2022. ECF No. 140. Three defendants - Exponential Wealth Inc., Christopher Paul, and Nolan Bennett - have not yet responded to the SAC. Before the plaintiffs filed the SAC, the plaintiffs obtained certificates of default and orders to show cause for default judgments as to these defendants. However, before default judgments are entered against these defendants, the plaintiffs should obtain updated certificates of default and orders to show cause for default judgments as to these defendants with respect to the SAC if in fact those defendants do not respond to the SAC

1

within the time provided below. The filing of the SAC was caused by the fact that the Court pointed out some defects in the prior complaint that would have made it difficult to enter a judgment or default with respect to that complaint.

The time for Exponential Wealth Inc., Christopher Paul, and Nolan Bennett to respond to the SAC is extended to August 5, 2022. If these defendants fail to respond by that date, then the plaintiffs should obtain updated certificates of default and seek default judgments by order to show cause as to these defendants. See Individual Practice VII.

On May 2, 2022, the plaintiffs moved for default judgments against Ryan Murnane and Krystalynne Murnane. In that motion, the plaintiffs argued that default judgments should be entered against Ryan Murnane and Krystalynne Murnane because they disregarded the Court's discovery orders and otherwise refused to engage in relevant discovery. Although Ryan Murnane and Krystalynne Murnane filed answers to the SAC, they have not yet responded to the plaintiffs' motion for default judgments.

The Court previously extended the time for Ryan Murnane and Krystalynne Murnane to respond to the motion for default judgments to June 24, 2022. The time for Ryan Murnane and Krystalynne Murnane to respond to the motion for default judgments is extended to August 5, 2022. There will be no further extensions of this deadline. If Ryan Murnane and


Krystalynne Murnane fail to respond by that date, then the motion will be decided on the current papers. If there is a response, the time for the plaintiffs to reply is fourteen days after they receive copies of the response.

Next, the plaintiffs request that the Court strike Ryan Murnane's answer to the SAC because (1) the answer was not timely filed; and (2) the answer is not verified. The request to strike Ryan Murnane's answer because it was not timely filed is denied; Ryan Murnane's answer (ECF No. 145) is accepted as timely filed.

As to verification, the plaintiffs have not explained how Ryan Murnane's failure to verify his answer renders his answer invalid under any applicable rule. See, e.g., 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1339 (4th ed. 2022) ("Verification is the exception rather than the rule in federal civil practice."); Royalty Network, Inc. v. Harris, 756 F.3d 1351, 1357-62 (11th Cir. 2014) (concluding that a state statute that required certain pleadings to be verified conflicted with Federal Rule of Civil Procedure 11 and was therefore inapplicable in cases pending in federal court). The plaintiffs' request that Ryan Murnane's answer be stricken because the answer was not verified is denied.

Finally, the plaintiffs request a conference to move to dismiss Krystalynne Murnane's counterclaims. The plaintiffs may

3

move to dismiss the counterclaims without a pre-motion conference. The motion to dismiss is due by August 5, 2022. Any response is due fourteen days after receipt of the motion. Any reply is due by seven days after receipt of any response.

The Clerk is directed to close Docket No. 146. The Clerk is further directed to mail a copy of this Order to the defendants and to note service on the docket.

**SO ORDERED.**

Dated:   July 21, 2022
         New York, New York

_____
John G. Koeltl
United States District Judge