UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. DAVID S. FIELD and HOLLY FIELD,

                    Plaintiffs,

   -v-

EXPONENTIAL WEALTH INC., RYAN MURNANE,
RYAN MICHAELS, KRYSTALYNNE MURNANE,
NOLAN BENNETT, and CHRISTOPHER PAUL,

                    Defendants.

CIVIL ACTION NO.: 21 Civ. 1990 (JGK) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Before the Court is the motion of Plaintiffs Dr. David S. Field ("Dr. Field") and Holly Field

(with Dr. Field, "Plaintiffs") under Federal Rules of Civil Procedure 37(b)(2)(A) and 55 "for the

entry of default judgment" against Defendants Ryan Murnane ("Ryan"), Ryan Michaels

("Michaels"), and Krystalynne Murnane ("Krystalynne", with Ryan, the "Murnanes")) in the

amount of $2,885,582. (ECF No. 126 (the "Motion")).  For the reasons below, the Motion is

DENIED WITHOUT PREJUDICE.[1]

## II. BACKGROUND

### A. Factual Background

Plaintiffs allege that Defendants engaged in a:

wrongful scheme and collective efforts to defraud Plaintiffs into investing and
sending $1,420,800 for the purchase of rare and valuable coins ("Coins"), through
several transactions, that Defendants promised to deliver to Plaintiffs shortly after

---

[1] As discussed below, (see § III.A, infra), because it is denying Plaintiffs' requests for dispositive relief
without prejudice, the Court proceeds by Opinion and Order rather than by Report and Recommendation.

each purchase. However, the Defendants never delivered any of the rare or valuable Coins to Plaintiffs, and it has become apparent that Defendants never intended to deliver nor were ever capable of delivering such Coins. Even after the Coins were allegedly sold on Plaintiffs' behalf at various auctions, Defendants failed to remit payment to Plaintiffs, and simply stole Plaintiffs' money.

(ECF No. 138 ¶ 1). Plaintiffs seek "to recoup the $2,885,852 that allegedly remains in their account at [Defendant Exponential Wealth Inc. ('EWI')], which includes Plaintiffs' investment plus profits, and/or to rescind their purchases and recover actual damages, consequential damages, punitive damages, statutory treble damages, pre-judgment and post-judgment interest, attorneys' fees, litigation expenses, and costs that are the direct result of Defendants' fraudulent scheme, conversion of Plaintiffs' assets, fraud, unjust enrichment, racketeering activities, mail fraud and wire fraud, and conspiracy." (Id. ¶ 6).

**B.  Procedural Background**

**1.  Initial Pleadings and Settlement Efforts**

On March 8, 2021, Dr. Field filed the original complaint against EWI, Ryan, Michaels, Krystalynne, and Nolan Bennett ("Bennett") (together, "Defendants"). (ECF No. 1 (the "Complaint"); see ECF No. 25).[2] On April 14, 2021, Ryan, appearing pro se, requested an extension of time to respond to the Complaint, to allow time, inter alia, to retain counsel. (ECF No. 19). On April 19, 2021, the Honorable John G. Koeltl extended Defendants' answer deadline to June 3, 2021. (ECF No. 21).

---

[2] On June 7, 2021, Dr. Field advised the Court "that Page 2 of the Complaint [was] missing from the original filing[,]" (ECF No. 23), and, on June 8, 2021, filed the complete Complaint. (ECF No. 25).

On June 3, 2021, Ryan, still <u>pro se</u>, filed an answer to the Complaint.  (ECF No. 22).[3] On June 10, 2021, Judge Koeltl held an initial conference, and referred the case to me for settlement.  (ECF No. 26).  Judge Koeltl extended until July 2, 2021 the deadline for the remaining Defendants to respond to the Complaint.  (<u>Id.</u>)

On July 7, 2021, the Court held an unsuccessful settlement conference, which Dr. Field, his counsel, and Ryan attended.  (ECF min. entry July 7, 2021).  After the conference, the Court extended until July 30, 2021 the deadline for the remaining Defendants to respond to the Complaint.  (ECF No. 30).

## 2.  <u>Appearance of Defendants' Counsel; Amended Complaint; Initial Discovery</u>

On July 30, 2021, the law firm of Crawford Bringslid Vander Neut LLP ("Crawford") appeared for Defendants, (ECF No. 32), and requested a 30-day extension of time to respond to the Complaint, which Judge Koeltl granted.  (ECF Nos. 33, 34).  On August 12, 2021, Dr. Field served document requests and interrogatories on Ryan.  (ECF No. 43 at 1).  On August 30, 2021, Defendants filed an answer to the Complaint.  (ECF No. 35).  On September 10, 2021, Judge Koeltl entered a case management plan, and set March 15, 2022 as the deadline for all discovery. (ECF No. 40 ¶¶ 3, 6).

On September 21, 2021, Defendants requested leave to file a motion pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings (the "MJP").  (ECF No. 41).  On September 24, 2021, the parties served their initial disclosures.  (ECF Nos. 43 at 2; 95-4).  On September 27, 2021,

---

[3] On June 10, 2021, Judge Koeltl directed the Clerk of Court "to construe ECF No. 22 as an answer by the defendants Ryan Murnane and Ryan Michaels."  (ECF No. 26).  According to Field, "Ryan Michaels is an alias for Ryan Murnane[,]" and "Defendant Ryan Michaels admitted to Plaintiff that his real name is Ryan Murnane."  (ECF No. 25 ¶ 17).  Accordingly, the Court hereafter refers to Ryan Murnane and Michaels collectively as "Ryan."

Dr. Field requested a discovery conference in anticipation of a motion to compel Ryan "to respond to [his] discovery demands." (ECF No. 43 at 1). Dr. Field also advised the Court that "Defendant [] Bennett, whose name is listed on several documents that were attached as Exhibits to the [] Complaint, is actually an alias for Christopher Paul" ("Paul") and requested "leave to amend the [] Complaint to name [] Paul as a Defendant." (Id. at 2). On September 28, 2021, Judge Koeltl referred this case to me for general pretrial supervision. (ECF No. 44).

On October 1, 2021, the Court held a discovery conference, and directed, inter alia, (i) Defendants to produce the documents referenced in their initial disclosures by October 8, 2021, (ii) Dr. Field to file his amended complaint by October 15, 2021, (iii) Ryan to serve written responses to Dr. Field's document requests and interrogatories by October 22, 2021, and (iv) Defendants to file either an answer or, if they intended to move for dismissal, a pre-motion letter addressed to Judge Koeltl by October 25, 2021. (ECF. No. 49).

On October 15, 2021, Dr. Field filed an amended complaint, adding Paul as a defendant. (ECF No. 50 (the "Amended Complaint")). On October 26, 2021, one day after the deadline to do so, Defendants filed an answer to the Amended Complaint, (ECF No. 55), and renewed their request to file the MJP. (ECF No. 56).[4] That same day, Judge Koeltl granted Defendants' request to file the MJP. (ECF No. 60). Judge Koeltl declined to stay discovery while the MJP was pending. (ECF No 63). On November 8, 2021, Defendants filed the MJP, which Dr. Field opposed on December 8, 2021. (See ECF Nos. 66, 69, 71).

---

[4] Shortly after Defendants filed their answer, Dr. Field, apparently unaware of the filing, filed a letter claiming Defendants had failed to respond to the Amended Complaint, and requesting a pre-motion conference or, "[a]s an alternative to the pre-motion conference, . . . a default judgment against Defendants in the amount of $2,885,852." (ECF No. 57). The Court denied the request as moot. (ECF No. 58).

On December 15, 2021, Dr. Field requested a "discovery conference to compel Defendants to produce outstanding discovery." (ECF No. 72 at 1). Dr. Field claimed, inter alia, that "Defendants' production did not include any of Ryan [] or Krystalynne Murnane's personal bank account statements," and that "[s]everal monthly bank statements across four different bank accounts for EWI are missing, and at least one page of the bank statement is completely blacked out." (Id. at 2). On December 20, 2021, Defendants' counsel advised the Court that "Defendants ha[d] agreed to provide the 'several' isolated EWI bank statements that appear to have been inadvertently omitted from Defendants' previous document production[,]" but argued that "Plaintiff has not met his burden to establish his entitlement to [the] individual defendants' personal tax returns and bank statements." (ECF No. 74).

During a discovery conference on January 4, 2022, the Court directed Defendants to produce the EWI bank statements that were omitted from their prior production, and to promptly review the Murnanes' personal bank statements to determine whether they reflected any transactions (i) between either of the Murnanes and EWI, (ii) relating to funds that Dr. Field transferred to EWI, and/or (iii) relating to the Coins. (ECF No. 91 (the "Jan. 4 Order")). Regarding the search of the Murnanes' personal bank statements, the Court directed Defendants to either (i) produce the bank statements reflecting such transactions, or (ii) provide confirmation that no such bank statements existed. (Id.)

### 3.  Defendants' Counsel Withdraws; The Bank Statements; The EWI DJ Motion

On January 10, 2022, Crawford moved by proposed order to show cause to withdraw as Defendants' counsel. (ECF No. 95 (the "Withdrawal Motion")). According to counsel, "the attorney-client relationship with the [] [D]efendants ha[d] irretrievably broken down thereby

making it impossible . . . to continue to represent them."  (ECF No. 95-1 ¶ 9).  Crawford had "repeatedly requested that [Ryan] provide materials necessary for the defense of this action and pay the outstanding invoices to the firm[,]" to no avail.  (Id. ¶ 10).  On January 14, 2022, Judge Koeltl ordered Defendants to show cause by January 28, 2022 why the Withdrawal Motion should not be granted.  (ECF No. 98 (the "OTSC")).

On January 18, 2022, Dr. Field advised the Court that Defendants had failed to produce the omitted EWI bank statements in accordance with the Jan. 4 Order and requested monetary sanctions.  (ECF No. 99).  That same day, Ryan filed a letter pro se advising the Court of his intent to retain new counsel and requesting an extension of time to respond to the OTSC.  (ECF No. 100).

On January 19, 2022, "[i]n light of Defendants' intent to retain new counsel," the Court denied Dr. Field's request for sanctions, and sua sponte extended Defendants' deadline to comply with the Jan. 4 Order to "within two weeks of new counsel's notice of appearance." (ECF No. 101 at 2).  On January 20, 2022, the Court extended until February 11, 2022 Defendants' deadline to respond to the OTSC, ordered that, if the Withdrawal Motion were granted, Defendants' new counsel was required to file a notice of appearance within two weeks thereof, and reiterated its order that Defendants produce the bank statements described in the Jan. 4 Order (the "Bank Statements") within two weeks of the new counsel's appearance.  (ECF No. 104 at 2).

On March 14, 2022, Defendants having failed to respond to the OTSC, the Court granted the Withdrawal Motion.  (ECF No. 109 (the "Mar. 14 Order")).  In the Mar. 14 Order, the Court, inter alia, (i) directed Defendants to produce the Bank Statements by March 21, 2022, (ii) extended the discovery deadline to May 15, 2022, (iii) scheduled a telephone status

conference for April 27, 2022 (the "April Conference") and (iv) warned EWI that, by law, corporations cannot proceed pro se and that failure to retain counsel by March 28, 2022 could result in entry of a certificate of default and default judgment.  (ECF No. 109 ¶¶ 1–3).

On March 31, 2022, Dr. Field advised the Court that Defendants had failed to produce the Bank Statements in compliance with the Mar. 14 Order, and requested "sanctions under Fed. R. Civ. P. 37[,]" including entry of default judgment.  (ECF No. 110 at 2–3 (the "Mar. 31 Letter")).  Dr. Field also noted that EWI had failed to retain counsel by the deadline set forth in the Mar. 14 Order.  (Id. at 2)

On April 1, 2022, the Court: (i) directed Dr. Field to request as certificate of default as to EWI and to move for default judgment in accordance with Judge Koeltl's Individual Practices (i.e., by order to show cause), Fed. R. Civ. P. 55, and S.D.N.Y. Local Rule 55. 3; (ii) denied Dr. Field's "request for sanctions under Rule 37 . . . without prejudice to a renewed request supported by a motion on notice" filed by May 2, 2022; and (iii) warned Defendants "that their failure to oppose the sanctions motion may result in the award of the requested sanctions and the entry of a certificate of default and a default judgment."  (ECF No. 111 (the "Apr. 1 Order") (capitalization omitted)).

On April 6, 2022, in response to Dr. Field's request, the Clerk of the Court entered a certificate of default as to EWI.  (ECF Nos. 113–15).  On April 12, 2022, Dr. Field moved by proposed order to show cause for entry of default judgment against EWI.  (ECF Nos. 116 (the "EWI DJ Motion")).  On April 14, 2022, Judge Koeltl entered the order to show cause and directed EWI to respond by May 6, 2022.  (ECF No. 120).

On April 26, 2022, the Court cancelled the April Conference in light of Dr Field's "anticipated motion [] for sanctions under Fed. R. Civ. P. 37[.]" (ECF No. 122). The Court noted that "[a]ll other terms of the Court's [Mar. 14 and Apr. 1 Orders—including the discovery deadline and the Motion briefing schedule—remain[ed] in effect." (Id.)

On April 27, 2022, Ryan filed a seven-page letter addressing various topics. (ECF No. 123). Of relevance here, he (i) asked for "the reason as to [the April Conference] being cancelled" and (ii) stated that he had "been having a problem with submitt[ing]" the Bank Statements and requested permission to "sen[d] them in hard copy form." (Id. at 1, 7). On April 29, 2022, the Court (i) referred Ryan to its Order at ECF No. 122 regarding the reason for cancelling the April Conference, (ii) directed Ryan to immediately produce the Bank Statements by email to Dr. Field, and (iii) directed Dr. Field to advise the Court by May 6, 2022 whether he had received the Bank Statements. (ECF No. 125 (the "Apr. 29 Order")).

### 4. The Motion; Conference before Judge Koeltl; the SAC

On May 2, 2022, Dr. Field filed the Motion. (ECF No. 126). He requests entry of a default judgment against the Murnanes in the amount of $2,885,582, plus interest under Fed. R. Civ. P. 37(b)(2)(A). (Id. at 1). Although the Mar. 31 Letter and Apr. 1 Order only referenced a motion for sanctions under Rule 37, and despite never requesting—much less receiving—a certificate of default against the Murnanes, Dr. Field also referenced entry of default judgment under Rule 55. (Id.) In the first sentence of the memorandum of law accompanying the Motion (the "MOL"), however, Dr. Field makes clear that the Motion focuses on the remedies under Rule 37(b). (See ECF No. 128 at 4 ("Plaintiff, Dr. David S. Field, through his attorneys, Mound Cotton Wollan & Greengrass LLP, respectfully submits this memorandum of law in support of his motion for the

entry of a default judgment under Fed. R. Civ. P. 37(b)(2)(A) . . . as a discovery sanction for the Murnane Defendants' persistent and willful noncompliance with several discovery orders and blatant disregard for the discovery process.")).  Dr. Field's discussion of Rule 55 is limited to a single page of the MOL, immediately before the conclusion.  (Id. at 19).

On May 5, 2022, Dr. Field advised the Court that, on May 3, 2022, Ryan had "provided an incomplete set of personal bank statements for Krystalynne Murnane, with many months missing, and no personal bank statements for Ryan" nor "additional bank statements . . . for" EWI.  (ECF No. 129 at 1–2).

On May 12, 2022, Judge Koeltl held a status conference to discuss the MJP, the EWI DJ Motion, and the Motion.  (ECF min. entry May 12, 2022; see ECF No. 132 at 2–3).  Ryan attended the conference, as did Dr. Field's counsel.  (ECF No. 132 at 1–2).  Judge Koeltl noted that Defendants' MJP "has to be decided first because a motion for a default judgment is subject to certain requirements, including that the Court has to look to make sure that there is a claim that's stated as a matter of law[,] . . . [a]nd if there is no legal basis, then the default judgment would be denied."  (Id. at 3).

Turning to the MJP, Judge Koeltl found that Dr. Field "took that motion . . . with somewhat less than the seriousness with which that motion should have been taken and brushed off, essentially, some of the arguments that were being made[,] . . . failed to respond to some of them[,]" and to the extent that there were responses, sometimes it was with rhetoric and bravado, rather than with legal reasoning."  (ECF No. 132 at 3–4; see id. at 13 (describing Dr. Field's opposition to the MJP as "woeful"); id. at 14 ("[T]he pleading that's been filed has serious problems with it.").  First, Judge Koeltl noted that "the [D]efendants argued persuasively in their

[MJP] that Holly Field is a necessary party to this action." (Id. at 6).  Second, "the defendants argue[d] persuasively that the allegations in the [A]mended [C]omplaint are deficient because they tend to improperly group all the defendants together without distinguishing each defendant's individual conduct." (Id. at 8).  Third, with respect to Dr. Field's fraud and fraudulent inducements claims, he "failed to allege that he took or refrained from taking any action in reliance on [Defendants'] alleged misrepresentations or connect these alleged misrepresentations to his initial transmission of funds to" EWI.  (Id. at 11).  Finally, Judge Koeltl noted that the Amended Complaint "appears to include damage allegations that are foreclosed by applicable law." (Id. at 12).  Specifically, Dr. Field "seeks roughly $2.9 million in damages, which represents both the money that [he] invested with [EWI] and the purported profits resulting from his investment[,] [b]ut in New York, damages in fraud cases are limited by the 'out-of-pocket rule,' which provides that plaintiffs in fraud cases may only recover damages for what they lost because of the fraud, not for what they might have gained." (Id.)

After outlining these deficiencies in the Amended Complaint, Judge Koeltl offered Dr. Field an opportunity to file a second amended complaint, to which Defendants then have "an opportunity to respond . . . and the [pending MJP] will be denied as moot." (ECF No. 132 at 13).  Dr. Field's counsel requested time to consider the issue, and Judge Koeltl directed Dr. Field to file a letter by May 20, 2022 advising how he intended to proceed.  (Id. at 22–23; see ECF No. 131).

On May 19, 2022, Dr. Field advised the Court that he intended to file a second amended complaint.  (ECF No. 134).  On May 23, 2022, Judge Koeltl directed Dr. Field to file the second amended complaint by June 3, 2022.  (ECF No. 136).  On June 3, 2022, Dr. Field filed the second amended complaint, which, inter alia, added Holly Field as a plaintiff.  (ECF No. 138 (the "SAC")).

On June 6, 2022, Judge Koeltl denied the MJP as moot, and directed Defendants to respond to the SAC by June 24, 2022.  (ECF No. 140 at 1).  Judge Koeltl noted that the Murnanes never responded to the Motion, and directed them to file any opposition by June 24, 2022.  (Id.)

On June 23, 2022, Krystalynne requested an extension of time, until July 8, 2022, to respond to the Motion, which Judge Koeltl granted.  (ECF Nos. 142–43).  On June 24, 2022, Krystalynne filed a pro se answer to the SAC.  (ECF No. 144).

On July 8, 2022, Ryan Murnane filed a pro se answer to the SAC.  (ECF No. 145).  Notwithstanding the Murnanes' answers having been filed, on July 18, 2022, Plaintiffs requested a conference with Judge Koeltl "to renew the motions for a default judgment against Defendants Ryan Murnane (aka Ryan Michaels), Krystalynne Murnane, [EWI], [] Bennett, and [] Paul for their failure to timely answer or otherwise respond to the [SAC], and/or for the their failure to oppose Plaintiffs' pending motions for a default judgment against them."  (ECF No. 146 at 1).  Plaintiffs also asked Judge Koeltl to strike Ryan's answer to the SAC as untimely and unverified.  (Id. at 2).

On July 21, 2022, Judge Koeltl:  (i) extended until August 5, 2022 the deadline for EWI, Bennett, and Paul to respond to the SAC, (ii) directed Plaintiffs to "obtain updated certificates of default and orders to show cause for default judgments as to these defendants with respect to the SAC" if they failed to respond by that date, (iii) denied Plaintiffs' request to strike Ryan's answer to the SAC, and (iv) extended until August 5, 2022 the deadline for the Murnanes to respond to the Motion.  (ECF No. 147 at 2–3).

### 5.  Default By EWI, Bennett, and Paul; Krystalynne's Opposition

On August 9, 2022, Plaintiffs requested certificates of default as to EWI, Bennett, and Paul (the "Defaulting Defendants"), each of whom failed to respond to the SAC or otherwise appear.

(ECF Nos. 150–55).   On August 11, 2022, the Clerk of Court entered the certificates. (ECF Nos. 156–58).  The next day, Plaintiffs moved by orders to show cause for default judgment against the Defaulting Defendants.  (ECF Nos. 159–72).  On August 15, 2022, Judge Koeltl entered the orders to show cause, directing the Defaulting Defendants to respond by August 29, 2022. (ECF Nos. 173–75).  Also on August 15, 2022, Judge Koeltl referred the Motion to me for a report and recommendation.  (ECF No. 176).

On August 22, 2022, Krystalynne filed an opposition to the Motion.   (ECF No. 180 (the "Opposition")).   That same day, Plaintiffs asked the Court to reject the Opposition as untimely.  (ECF No. 181).  On August 23, 2022, the Court denied Plaintiffs' request, and declined to strike the Opposition.  (ECF No. 183 at 2).  The Court permitted Plaintiffs to file a reply by September 5, 2022, (id.), and subsequently extended that deadline, at their request, to September 15, 2022.  (ECF Nos. 184–85).  On September 13, 2022, Plaintiffs filed a reply. (ECF No. 186).

On January 25, 2023, Judge Koeltl found that Plaintiffs "are entitled to a default judgment against" the Defaulting Defendants but held a damages inquest in abeyance pending a decision on the Motion.  (ECF No. 192).

### III. DISCUSSION

#### A.  The Court's Authority

This action has been referred to me for general pretrial supervision, including all non-dispositive pretrial motions, pursuant to 28 U.S.C § 636(b) and Fed. R. Civ. P. 72(a), and Judge Koeltl has referred the Motion for report and recommendation.  (ECF No. 44).  "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and

decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a).

"Motions seeking Rule 37(b) sanctions for noncompliance with the Court's discovery orders 'are ordinarily considered non-dispositive, and therefore fall within the grant of Rule 72(a), unless the sanction disposes of a claim.'" Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC, No. 16 Civ. 1318 (GBD) (BCM), 2017 WL 3671036, at *16 (S.D.N.Y. July 18, 2017) (quoting Seena Int'l v. One Step Up, Ltd., No. 15 Civ. 1095 (PKC) (BCM), 2016 WL 2865350, at *10 (S.D.N.Y. May 11, 2016)), adopted by, 2017 WL 4712639 (S.D.N.Y. Sept. 28, 2017). "A magistrate judge's authority to order (rather than recommend) a discovery sanction does not depend on the relief requested, but rather depends on the 'sanction the magistrate judge actually imposes.'" Charlestown Cap. Advisors, LLC v. Acero Junction, Inc., 337 F.R.D. 47, 59 (S.D.N.Y. 2020) (quoting Joint Stock Co., 2017 WL 3671036, at *16).

Similarly, when a motion for default judgment under Rule 55 is referred for report and recommendation, if the magistrate judge "concludes that the motion . . . should be denied without prejudice . . . , the disposition of [the] motion is not dispositive of any party's claim or defense." Zuniga v. Newmark Wood Working Grp. Inc., No. 20 Civ. 2464 (RPK) (VMS), 2022 WL 3446331, at *4 n.1 (E.D.N.Y. Aug. 17, 2022). Accordingly, the magistrate judge may "proceed[] by Order rather than by Report and Recommendation." Id.

Here, while Plaintiffs seek case-dispositive sanctions under Rule 37, the Court finds that such sanctions are not appropriate at this time. (See § III.B.2 infra). Similarly, the Court finds that Plaintiffs' request for default judgment under Rule 55 should be denied without prejudice. (See § III.C.2 infra).

Accordingly, under the referral order, it is appropriate for me to resolve the Motion "in the first instance." Lokai Holdings LLC v. Twin Tiger USA LLC, No. 15 Civ. 9363 (ALC) (DF), 2018 WL 1512055, at *7 (S.D.N.Y. Mar. 12, 2018) (resolving by order a Rule 37 motion seeking case-dispositive relief); see U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Nanan, No. 20 Civ. 849 (RPK) (RLM), 2022 WL 9449632, at *1 (E.D.N.Y. Oct. 14, 2022) (resolving by order a Rule 55 motion for default judgment referred for report and recommendation), objections overruled, 2022 WL 16855727 (E.D.N.Y. Nov. 10, 2022); Castillo v. Chapines LLC, No. 22 Civ. 203 (LDH) (RLM), 2022 WL 17253521, at *1 (E.D.N.Y. Nov. 28, 2022) (same); Sudilovskiy v. City WAV Corp., No. 22 Civ. 469 (DG) (RLM), 2022 WL 4586307, at *1 (E.D.N.Y. Sept. 29, 2022) (same); Lopez v. Cajmant LLC, No. 15 Civ. 593 (SLT)(RER), 2016 WL 7017361, at *1 (E.D.N.Y. Dec. 1, 2016) (resolving by order motion for default judgment under Rules 37 and 55).

**B.  Plaintiffs' Request for a Default Judgment Under Rule 37(b)**

### 1.  Legal Standards

"Under Rule 37(b)(2), when a party 'fails to obey an order to provide or permit discovery,' a district court may impose appropriate sanctions, including 'rendering a judgment by default against the disobedient party.'" S.E.C. v. Great Am. Techs., Inc., No. 07 Civ. 10694 (DC), 2009 WL 4885153, at *3 (S.D.N.Y. Dec. 15, 2009) (quoting Fed. R. Civ. P. 37(b)(2)), aff'd sub nom. S.E.C. v. Setteducate, 419 F. App'x 23 (2d Cir. 2011).  "The Second Circuit has articulated '[s]everal factors [that] may be useful in evaluating a district court's exercise of discretion" to impose sanctions pursuant to Rule 37, including: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences

of . . . noncompliance.'" <u>Sanchez v. Jyp Foods Inc.</u>, No. 16 Civ. 4472 (JLC), 2018 WL 4502008, at

*3 (S.D.N.Y. Sept. 20, 2018 (quoting <u>Agiwal v. Mid Island Mortg. Corp.</u>, 555 F.3d 298, 302 (2d Cir.

2009)).  "A district court is also free to consider 'the full record in the case in order to select the

appropriate sanction.'" <u>Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.</u>, 328 F.R.D. 100,

120 (S.D.N.Y. 2018) (quoting <u>S. New England Tel. Co. v. Glob. NAPs Inc.</u>, 624 F.3d 123, 144 (2d Cir.

2010)).  "A <u>pro</u> <u>se</u> defendant is entitled to adequate warning before sanctions are imposed."

<u>Lopez</u>, 2016 WL 7017361, at *2 (citing <u>Guggenheim Cap.</u>, 722 F.3d at 452).

    "Harsh sanctions, such as dismissal or default, are reserved for extreme situations, such

as those involving 'willfulness, bad faith, or any fault' on the part of a 'non-compliant litigant.'"

<u>Anhui Konka Green Lighting Co. v. Green Logic Led Elec. Supply, Inc.</u>, No. 18 Civ. 12255 (MKV)

(KHP), 2020 WL 5743518, at *4 (S.D.N.Y. Sept. 25, 2020) (quoting <u>Agiwal</u>, 555 F.3d at 302), <u>aff'd</u>,

2021 WL 4264033 (S.D.N.Y. Sept. 20, 2021).  "[T]he preference in this judicial circuit is that cases

be resolved on the merits rather than on the basis of a party's default in fulfilling its litigation

obligations or because of some technical or procedural reasons." <u>Shim-Larkin v. City of New York</u>,

No. 16 Civ. 6099 (AJN) (KNF), 2018 WL 3187327, at *13 (S.D.N.Y. June 28, 2018) (collecting cases);

<u>see</u> <u>Sony Corp. v. Elm State Elecs.</u>, Inc., 800 F.2d 317, 320 (2d Cir.1986) (describing the Second

Circuit's "strong preference for resolution of disputes on their merits" and "preference for

resolving doubts in favor of a trial on the merits"); <u>Kortright Cap. Partners LP v. Investcorp Inv.</u>

<u>Advisers Ltd.</u>, 330 F.R.D. 134, 139 (S.D.N.Y. Jan. 18, 2019) ("Ultimately, 'it is always preferable for

issues to be adjudicated on the merits, rather than pursuant to discovery sanctions.'") (quoting

<u>Black v. Bowes</u>, No. 05 Civ. 108 (GEL), 2006 WL 3771097, at *7 (S.D.N.Y. Dec. 21, 2006)).

    "The imposition of sanctions lies within the sound discretion of the court." <u>Anhui Konka</u>,

2020 WL 5743518, at *5 (citing <u>Valentine v. Museum of Modern Art</u>, 29 F.3d 47, 49 (2d Cir. 1994);

<u>see</u> <u>Doe v. Delta Airlines Inc.</u>, 672 F. App'x 48, 50 (2d Cir. 2016) ("When faced with a 'breach of a

discovery obligation [that] is the non-production of evidence, a District Court has broad discretion

in fashioning an appropriate sanction.'") (quoting <u>Residential Funding Corp. v. DeGeorge Fin.</u>

<u>Corp.</u>, 306 F.3d 99, 101 (2d Cir. 2002).   "[W]hen considering whether to impose discovery

sanctions, [however,] the Court's discretion is limited to the imposition of sanctions that are both

'just' and 'commensurate' in severity with the non-compliance." <u>Anhui Konka</u>, 2020 WL 5743518,

at *5 (quoting <u>Joint Stock Co.</u>, 2017 WL 3671036, at *21).

Finally, "[a] party appearing without counsel is afforded extra leeway in meeting the

procedural rules governing litigation, and trial judges must make some effort to protect a party

so appearing from waiving a right to be heard because of his or her lack of legal knowledge."

<u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 96 (2d Cir. 1993); <u>see</u> <u>Triestman v. Fed. Bureau of</u>

<u>Prisons</u>, 470 F.3d 471, 475 (2d Cir. 2006) (noting that <u>pro</u> <u>se</u> litigants are entitled to "special

solicitude" before district courts); <u>Lucas v. Miles</u>, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]istrict courts

should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is

by a pro se litigant.").   Nonetheless, <u>pro</u> <u>se</u> litigants "have an obligation to comply with court

orders[,]" and "[w]hen they flout that obligation they, like all litigants, must suffer the

consequences of their actions."   <u>McDonald v. Head Crim. Ct. Supervisor Officer</u>, 850 F.2d 121,

124 (2d Cir. 1988).

### 2.  <u>Application</u>

Plaintiffs argue that the Murnanes "have seized every opportunity to delay this

proceeding and violate this Court's orders, to evade discovery of relevant information concerning

their fraudulent activities, and to preclude Plaintiff[s] from recouping the monies that are rightfully [theirs]." (ECF No. 128 at 5). They claim that "Defendants have been granted extension upon extension since this action was commenced more than a year ago; however, once these extensions are granted, Defendants simply ignore the new deadlines and further delay this action and [Plaintiffs'] recovery of their funds." (Id. at 13).

In particular, Plaintiffs argue that "the Murnane[s] [] willfully failed to comply with the Court's orders with respect to the production of [the] Bank Statements and banking records, and have repeatedly and willfully evaded and obstructed discovery in this case." (Id. at 15). With respect to the duration of the Murnanes' alleged noncompliance, Plaintiffs claim that: (i) they "served [the] relevant document requests on Defendant Ryan Murnane on August 12, 2021" and "on Defendant Krystalynne Murnane on October 1, 2021[,]" (ii) the Murnanes and EWI collectively produced certain documents in connection with their initial disclosures, including the incomplete bank statements EWI, on October 8, 2021, and (iii) "[n]othing has been supplemented" since then. (Id. at 17). Plaintiffs argue that the Murnanes' alleged noncompliance has prejudiced Plaintiffs to the extent of their lost investment in the Coins and attorneys' fees incurred in litigating this action. (ECF No. 186 at 12).

After considering "the full record in the case[,]" Syntel Sterling, 328 F.R.D. at 120, the Court finds that Rule 37 sanctions against the Murnanes are not warranted at this time. Plaintiffs are correct that, since discovery commenced in September 2021 (see ECF No. 40), the Murnanes have not fully responded to Plaintiffs' discovery demands or fully complied with this Court's discovery orders. (See § II.B.2–5, supra). Plaintiffs' claim that the Murnanes have not provided any discovery since October 2021, however, is overstated and, in fact, no longer true. (ECF No. 18

at 17).  As a result of the Withdrawal Motion, the Court stayed Defendants' deadline to serve the Bank Statements from January 19, 2022 through March 21, 2022.  (ECF Nos. 101 at 2; 109 ¶ 1).  Moreover, on May 3, 2022, the day after Plaintiffs filed the Motion, Ryan produced additional bank statements in compliance with the Apr. 29 Order.  (ECF Nos. 129 at 1–2).  In addition, since Plaintiffs filed the Motion, Ryan has participated in a conference, and both Ryan and Krystalynne—who filed the Opposition to the Motion—have corresponded with the Court and answered the SAC.  (ECF Nos. 19; 22; 100; 123; 132 at 1–2; 144; 145; 148; 180).  Further, the Court is mindful of the Murnanes' status as pro se litigants, who are entitled to additional solicitude, see Triestman, 470 F.3d at 475, and against whom the Court is "especially hesitant" to impose dispositive sanctions for "procedural deficiencies."  McDonald, 850 F.2d at 124.  Thus, while Plaintiffs claim that the Murnanes' May 3 production remains deficient, (see ECF No. 129 at 1–2), the Murnanes' participation in this action, even if sporadic, contradicts Plaintiffs' claims of delay and willful noncompliance, and weighs against the imposition of sanctions.  See Smith v. AFSCME Council 4, No. 08 Civ. 1735 (RNC), 2011 WL 1833124, at *3 (D. Conn. May 13, 2011) (denying Rule 37 motion as moot where, inter alia, "it appear[ed] that the ground ha[d] shifted since the filing of the motion, with plaintiff subsequently providing at least partial responses to the discovery requests").

Plaintiffs' assertions of prejudice are also overstated.  (ECF No. 186 at 12).  They claim that the Murnanes' "dilatory tactics and gamesmanship" have delayed the resolution of this matter since Plaintiffs commenced it in March 2021 and, thus, that the Murnanes have "deprived [Plaintiffs] of their investments of $1,420,800, plus the alleged profits earned" and interest.  (Id.) This argument, of course, assumes that Plaintiffs will prevail on their claims.  The record reflects,

however, that, until Plaintiffs filed the SAC on June 3, 2022 (ECF No. 138), they were proceeding on a legally deficient complaint, as Judge Koeltl explained during the May 2022 conference, (ECF No. 132 at 3–12), and the SAC's legal sufficiency remains to be determined.   Accordingly, Plaintiffs' suggestion that, had discovery proceeded more quickly, they would have recovered their alleged damages by now is, at best, speculative.

In sum, the Murnanes' conduct to date does not rise to the level present in other cases in which courts within the Second Circuit have imposed the extreme sanctions Plaintiffs seek. Cf. MCI Worldcom, Inc. v. Levin, 31 F. App'x 757, 757–58 (2d Cir.2002) (affirming entry of default judgment where "[t]he record reveal[ed] that [the pro se plaintiff] willfully and repeatedly failed to appear for depositions and comply with the District Court's orders, and that the District Court warned [him] that failure to comply with court orders could result in sanctions, including the entry of default judgment"); Rahman v. Red Chili Indian Cafe, Inc., No. 17 Civ. 5156 (RA) (BCM), 2020 WL 8733951, at *8 (S.D.N.Y. Nov. 24, 2020) (recommending that defendants' answer be stricken where, "through their dilatory conduct, discovery failures, and frank disregard of this Court's orders, they have forfeited the right to litigate [their] defenses"), adopted by, 2021 WL 423447 (S.D.N.Y. Feb. 8, 2021); Citigroup Glob. Markets Inc. v. Cass, No. 11 Civ. 7142 (DLC), 2012 WL 3191875, at *1 (S.D.N.Y. Aug. 2, 2012) ("Given the defendant's repeated failure to participate in discovery and to comply with Court orders, as well the Court's multiple warnings of the possible consequences of such failure, an entry of default against the defendant as a sanction is appropriate in this case."); Lesane v. N.Y.C. Dep't of Corr., No. 08 Civ. 4830 (PAC) (MHD), 2010 WL 4922513, at *3 (S.D.N.Y. Nov. 23, 2010) ("[The pro se plaintiff's] repeated disregard for court orders, ignoring of discovery requests, and failure to provide a change of address create an

inference of willfulness or bad faith."); Koch v. Rodenstock, No. 06 Civ. 6586 (BSJ) (DF), 2010 WL 2010892, at *6 (S.D.N.Y. Apr. 23, 2010) (entering default judgment against pro se defendant where "the Court afforded Defendant three separate opportunities to appear for a scheduled conference, ... explicitly warned Defendant that he could face sanctions, including the entry of a default judgment, for failure to appear[,] . . . gave Defendant ample advance notice of each scheduled telephone conference, as well as clear notice of the consequences of noncompliance[,][and] Defendant[ ] fail [ed] to comply with the Court's final order requiring his appearance, or to provide a legitimate reason for that failure"); Sony BMG Music Entm't v. Thurmond, No. 06 Civ. 1230 (DGT), 2009 WL 4110292, at *3 (E.D.N.Y. Nov. 24, 2009) (entering default judgment against a pro se defendant where she, "despite numerous warnings, . . . flouted court orders and . . . repeatedly refused to comply with her discovery obligations").

Accordingly, the Court exercises its discretion to give the Murnanes "one last chance to comply with the orders of this Court." Likver v. United Health Grp. Inc., No. 05 Civ. 5014 (DLI) (RER), 2008 WL 268796, at *2 (E.D.N.Y. Jan. 30, 2008).  The Court deems waived the Murnanes to have waived objections that they have not already served "to written discovery with the exception of objections based upon privilege[.]"  Id. (finding that, by failing to respond to outstanding discovery requests, defendants had waived all objections to such discovery).  If the Murnanes fail to provide discovery or conduct depositions according to the schedule set by the Court, Plaintiffs may renew the Motion.  "At that time[,] I will, barring absolutely extraordinary circumstances, recommend to Judge [Koeltl]" the imposition of sanctions against the Murnanes, including, potentially, striking their answers to the SAC, entering default judgment, and awarding

reasonable attorneys' fees to Plaintiffs.[5]  Id.; see Fed. R. Civ. P. 16(f), 37(b)(2)(A)(ii)–(vii).

### C.  Plaintiff's Request for a Default Judgment under Rule 55

#### 1.  Legal Standards

"A party seeking a default judgment must follow the two-step procedure set forth in Federal Rule of Civil Procedure 55."  Burns v. Scott, No. 20 Civ. 10518 (JGK) (SLC), 2022 WL 10118491, at *3 (S.D.N.Y. Oct. 17, 2022); see Priestley v. Headminder, Inc., 647 F.3d 497, 504-05 (2d Cir. 2011); Fed. R Civ. P. 55.  "First, under Rule 55(a), where a party has failed to plead or otherwise defend in an action, the Clerk of the Court must enter a certificate of default."  Burns, 2022 WL 10118491, at *3 (citing Fed. R. Civ. P. 55(a)).  "Second, after entry of the default, if the party still fails to appear or move to set aside the default, the Court may enter a default judgment."  Id. (citing Fed. R. Civ. P. 55(b)).

Regarding the first step, the Court's Local Rules require a party seeking a default judgment to file:

(a) a request for a Clerk's Certificate of Default; and

(b) an affidavit demonstrating that: (1) the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person; (2) the party has failed to plead or otherwise defend the action; and (3) the pleading to which no response has been made was properly served.

S.D.N.Y. Loc. R. 55.1.  Whether to enter a default judgment lies in the "sound discretion" of the trial court.  Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).  Because a default

---

[5] The Court notes that a default "only establishes a defendant's liability if [the plaintiff's] allegations are sufficient to state a cause of action against the defendants[,]"and that the Court must still determine "whether the allegations in [the] complaint establish the defendants' liability as a matter of law."  Gesualdi v. Quadrozzi Equip. Leasing Corp., 629 F. App'x 111, 113 (2d Cir. 2015).  Because the Court finds that entry of default judgment is inappropriate now, it makes no determination as to whether Plaintiffs' allegations in the SAC establish the Murnanes' liability as a matter of law.

judgment is an "extreme sanction" that courts are to use as a tool of last resort, Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981), the district court must "carefully balance the concern of expeditiously adjudicating cases, on the one hand, against the responsibility of giving litigants a chance to be heard, on the other." Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 29 (E.D.N.Y. Mar. 19, 2015) (citing Enron, 10 F.3d at 96).

### 2.  **Application**

Plaintiffs are not entitled to default judgment under Rule 55 against the Murnanes at this time.  Plaintiffs never undertook the first step under Rule 55, i.e., they never requested—much less obtained—a certificate of default from the Clerk of Court as to the Murnanes.  While "this alone is not dispositive" of Plaintiffs' request for default judgment under Rule 55, Lopez, 2016 WL 7017361, at *2 (citing Peterson v. Syracuse Police Dept., 467 F. App'x 31, 33 (2d Cir. 2012)), the Court nonetheless concludes that entry of default judgment is not yet warranted.  As discussed above, (see § III.B.2, supra), while the Murnanes have thus far fallen short of their discovery obligations, their conduct does not yet warrant a finding that they have "failed to . . . defend" in this action.  Fed. R. Civ. P. 55(a).  Moreover, after they filed the Motion, Plaintiffs filed the SAC, to which Ryan and Krystalynne each filed answers.  (ECF Nos. 138, 144, 145).  Thus, even if Plaintiffs had obtained certificates of default as to the Murnanes before bringing the Motion, their filing of—and the Murnanes' responses to—the SAC would have mooted their request for default judgment.  See Vasquez v. Young Chow Garden, Inc., No. 17 Civ. 5605 (PGG), 2018 WL 11452581, at *1 (S.D.N.Y. Nov. 16, 2018) (collecting cases holding that "[i]f, after a default has been entered against a defendant, a plaintiff files an amended complaint which becomes

operative, the entry of default becomes moot, and a motion for default judgment based on that default must be denied as moot.").

Accordingly, Plaintiffs' request for entry of default judgment under Rule 55 is DENIED WITHOUT PREJUDICE.

## IV. CONCLUSION

For the reasons set forth above, the Motion is DENIED WITHOUT PREJUDICE, and the Court orders as follows:

1. The Murnanes shall produce the Bank Statements by **March 14, 2023**.

2. All objections not already served to written discovery, except objections based on privilege, are WAIVED.

3. Plaintiffs and the Murnanes shall promptly meet and confer and, by **March 21, 2023**, file a joint letter proposing a schedule for any remaining fact and expert discovery.

4. A telephone status conference is scheduled for **March 29, 2023 at 2:00 p.m.** on the Court's conference line.  The parties are directed to call: (866) 390-1828; access code: 380-9799, at the scheduled time.

Plaintiffs shall promptly serve a copy of this Opinion and Order on each of Ryan and Krystalynne, and file proof of service by **February 28, 2023**.

The Clerk of Court is respectfully directed to close ECF No. 126.

Dated:      New York, New York
            February 27, 2023

                              SO ORDERED.

                              _____
                              SARAH L. CAVE
                              **United States Magistrate Judge**