UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. DAVID S. FIELD and HOLLY FIELD,

                              Plaintiffs,

     -v-

EXPONENTIAL WEALTH INC., et al.,

                              Defendants.

CIVIL ACTION NO.: 21 Civ. 1990 (JGK) (SLC)

**ORDER FOR LIMITED APPEARANCE
OF PRO BONO COUNSEL**

**SARAH L. CAVE**, United States Magistrate Judge.

Plaintiffs' request (ECF No. 229) for a settlement conference with pro se Defendants Ryan

Murnane and Krysta-Lynne Murnane (together, the "Individual Defendants") is GRANTED.  The

Court requests that the Clerk of Court seek pro bono counsel to enter a limited appearance for

the Individual Defendants for the purpose of settlement.  Counsel shall file a Notice of Limited

Appearance as Pro Bono Counsel.

Plaintiffs asserts claims under federal and New York law, alleging that Defendants induced

them "into investing and sending $1,420,800 for the purchase of rare and valuable coins

("Coins"), through several transactions, that Defendants promised to deliver to Plaintiffs shortly

after each purchase" but never delivered.  (ECF No. 138 ¶ 1).  The Individual Defendants deny

Plaintiffs' allegations.  (ECF Nos. 144; 145).  On July 7, 2021, the parties participated in a

settlement conference before the undersigned but were unable to reach an agreement at that

time.  (ECF min. entry July 7, 2021).  At a telephone conference on February 8, 2024, the parties

represented that their settlement discussions were ongoing, and the Individual Defendants

advised—and the Court agrees—that the assistance of limited scope counsel may increase the

possibility of reaching an agreement.  (ECF min. entry Feb. 8, 2024).  With discovery set to close

on March 18, 2024 (see ECF No. 228), Plaintiffs have requested a further settlement conference with the Court.  (ECF No. 229).

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of a pro se litigant's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. See https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Pro bono counsel will not be obligated for any aspect of the Individual Defendants' representation beyond the matters described in this order.  Pro bono counsel will not be required to respond to a dispositive motion.  If Plaintiffs file a dispositive motion, pro bono counsel may seek appropriate relief, including an extension of the Individual Defendants' time to respond, or an expansion of pro bono counsel's role to include responding to the motion.  Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of the Individual Defendants will end following completion of the parties settlement efforts.

On the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of the Individual Defendants in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to the Individual Defendants or to the Court in this matter.

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent the Individual Defendants for the limited purpose of settlement.  The Court advises the Individual Defendants that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, some time may pass before

counsel volunteers to represent the Individual Defendants.  If an attorney volunteers, the attorney will contact the Individual Defendants directly.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and if the Clerk of Court is unable to locate counsel, the Individual Defendants must appear without counsel at the settlement conference.

Once counsel has filed a Notice of Limited Appearance of Pro Bono Counsel, the Court will set a date for the settlement conference.

Plaintiffs shall promptly serve a copy of this Order on the Individual Defendants via email.

The Clerk of Court is respectfully directed to mail a copy of this Order to the Individual Defendants.

Dated:          New York, New York
                February 16, 2024

SO ORDERED.

_____
SARAH L. CAVE
**United States Magistrate Judge**