UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

DAVID S. FIELD, ET AL.,                    21-cv-1990 (JGK)

                Plaintiffs,              ORDER

     - against -

EXPONENTIAL WEALTH INC., ET AL.,

                Defendants.

_____

JOHN G. KOELTL, District Judge:

    The Court held a status conference by phone on November 4, 2024. A transcript of the conference is attached.

    The time for the parties to make any motion for summary judgment is **December 20, 2024.** No pre-motion conference is necessary. Any motion should comply with Federal Rule of Civil Procedure 56, Local Civil Rule 56.1, and this Court's Individual Rules. Any response must be filed by **January 31, 2025.** Any reply must be filed by **February 14, 2025.**

    If no motion for summary judgment is filed, the parties should file a joint pretrial order, together with motions in limine, requests to charge, and voir dire requests, by **January 31, 2025.** Any responses, objections, and replies must be filed by **February 14, 2025.** The Court will then hold a final pretrial conference on **March 14, 2025,** at **2:30 p.m.** The parties should be ready for trial on 72 hours' notice on and after **April 4, 2025.**

The Clerk should send a copy of this Order, and the attached transcript, to the pro se defendants by mail and note mailing on the docket.

**SO ORDERED.**

Dated:      New York, New York
            November 6, 2024

                                              John G. Koeltl
                                        United States District Judge

OB4DFieC

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    DR. DAVID S. FIELD, ET AL.,

4                   Plaintiffs,

5            v.                              21CV01990

6    EXPONENTIAL WEALTH, INC., ET
     AL.,
7
                 Defendants.
8                                           Conference
     ------------------------------x
9                                           New York, N.Y.
                                            November 4, 2024
10                                          3:00 p.m.

11   Before:

12                  HON. JOHN G. KOELTL,

13                                          District Judge

14                  APPEARANCES

15   WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP
          Attorney for Plaintiffs
16   BY:  MICHAEL ROBERT KOBLENZ

17

18

19

20

21

22

23

24

25

OB4DFieC

1        (Case called)

2        THE COURT:  Who is on the line for the plaintiff,

3   please?

4        MR. KOBLENZ:  Michael Koblenz, your Honor, and my

5   client is here, Dr. Field.

6        MR. FIELD:  Hi.  It's Dr. Field.  Thank you.

7        THE COURT:  All right.  Thank you.

8        Is anyone on the line for the defendants?

9        MR. KOBLENZ:  No.

10       THE COURT:  Okay.  This conference was scheduled on

11  the docket sheet for today.  It's not clear that the defendants

12  received other notice of the conference.  We're keeping a

13  transcript of the conference.  I have a court reporter.  I'll

14  see that a transcript is sent to the defendants.

15       Where are we?

16       I won't take any actions because the defendants aren't

17  on the phone.

18       The letter from the plaintiff, which is in the docket,

19  was the last item, the plaintiffs' October 11 letter in which

20  the plaintiffs indicate that there's no alternative but to go

21  to trial on the case, even though the individual plaintiff

22  would like not to go to trial, but there's no alternative.

23       The alternative, of course, is to make a motion for

24  summary judgment by the plaintiff.  Whether that motion would

25  be well taken or not, I don't know, because I haven't obviously

OB4DFieC

1      seen such a motion.  If the plaintiffs decide that they want to

2      make a motion for summary judgment, they can.  I'm not

3      suggesting that they should do that.  I'm just saying that's

4      the next step.

5              The magistrate judge, in her order, specifically had

6      said to review the Court's individual -- my practices with

7      respect to dispositive motions and trial.  So if the plaintiffs

8      decide to make dispositive motion, they can.  They don't need a

9      premotion conference.  If the plaintiffs decide not to make a

10     dispositive motion, then of course the next step is trial.

11     There's no alternative:  Dispositive motions and/or trial.

12             So what I will do is I will give you a schedule,

13     reasonable schedule, for dispositive motions, and if there are

14     no dispositive motions, then the next step is trial.  So that's

15     where we are.

16             MR. KOBLENZ:  Okay.  This is Michael Koblenz.  This

17     has been pulling teeth with the defendant.  He has ignored

18     court orders for discovery.  This has been going on.  I spoke

19     to him last week.  I put it in my letter to the Court.  And of

20     course he doesn't even show up for this call today, which is

21     typical of the way it's been going.

22             My client has suffered quite a bit as a result of

23     this.  We went to mediation, and the Court turns around and

24     gives him a free letter based upon, you know, some claims that

25     he made, which obviously, you know, we don't believe, because

OB4DFieC

1    we know he got $2 million from our client and we don't know

2    where he put that money or how he used it.

3            The depositions, which we did all of them, he doesn't

4    remember, he doesn't have this record, he didn't file tax

5    returns, he has no business record. I mean, on and on and on.

6    And, you know, he perjured himself in my opinion, your Honor,

7    about 100 different ways. And that's who we're dealing with.

8            So I'm trying to avoid my client going to more expense

9    and more aggravation. He is not well. His wife is not well.

10    And he can speak for himself. He is not in New York. And, you

11    know, we're looking for a solution.

12            I had asked the defendant if he would, you know,

13    consider a default judgment, just, you know, move on so the

14    Court doesn't have to waste its time on a trial, and of course

15    he said, no, because he has nothing to lose. He doesn't care.

16            You know, our clients are in Iowa. I mean, it's the

17    last result -- the last thing we can do is file a summary

18    judgment. I leave that up to Dr. Field. But going to trial I

19    think is a waste of this Court's time and is a miscarriage of

20    justice for Dr. Field to have to go through a trial, coming

21    from out-of-state. And the defendant probably won't even show.

22    If he does show, he's got nothing to say.

23            So we're trying to get past that. We tried mediation,

24    and he was not cooperative at all and couldn't make any real

25    offer to try and resolve this case.

OB4DFieC

1      I don't know if Dr. Field has anything he wants to

2   add, but he's on the line, so --

3      MR. FIELD:  Good afternoon, Judge.  I appreciate the

4   time.

5      Yes.  I don't -- Mr. Koblenz was very accurate.  There

6   is a letter sent to the Court on May 16, 2024, to Judge Cave.

7   I think it outlines the entire summary of where we're at.  That

8   was for settlement.  Nothing really took place after that.

9      I mean, I don't know what else we can do.  We've

10  chased this man as far as we can.  Other people have achieved

11  judgments against him, but we have not been able to get him to

12  the court.

13     There's nothing else I can say other than I've got

14  total documented fraud from day one, and he's been fraudulent

15  from the first conversations that we figured out a little too

16  late who he was.  But that's a different story, and I don't

17  want to waste your time.  But we don't really -- we'd like to

18  get this over with.  We've been in court since March of '21,

19  and we're still at this point without resolution.

20     So that's all I can say and reiterate where we're at.

21  We'd just like to solve this.

22     THE COURT:  Okay.  Just a couple of observations.

23     First, this case was brought in New York.  Why the

24  plaintiffs decided on New York as opposed to where they live, I

25  don't know at this point, but the case is --

OB4DFieC

1        MR. KOBLENZ:  That's because their operations, your

2   Honor, were in New York.

3        THE COURT:  So here we are, the plaintiffs brought the

4   case in New York.

5        Second, both Magistrate Judge Cave and myself are

6   simply disinterested jurists who have to listen to both sides.

7   I fully appreciate the degree to which the plaintiff believes

8   in their case.  A motion for summary judgment gives the

9   opportunity for the plaintiffs to say, we're entitled to

10  judgment as a matter of law, there are no undisputed -- there

11  are no undisputed facts.  If the plaintiffs are correct in all

12  of their allegations, that, in fact, there are no disputed

13  issues of fact, then a motion for summary judgment is an

14  appropriate vehicle to make those arguments.  If there are

15  disputed issues of fact, then it's not an appropriate mechanism

16  and we go to trial.

17       Now, I realize trial is burdensome on all parties.  If

18  the plaintiffs are correct that the defendant never shows up

19  for trial, then perhaps a default is appropriate at that point

20  subject to all of the requirements for a default.  If not, and

21  the defendants do defend the case, then a jury will determine

22  whether all of the allegations being made by the plaintiff are,

23  in fact, correct, and that the plaintiffs are entitled to

24  judgment, and what that judgment should be.

25       It doesn't really help to simply say how clear the

OB4DFieC

1   plaintiffs contend that their positions are.  As I said, the
2   next step is if that's clear and there are no disputed issues
3   of fact, then it's a motion for summary judgment.  If that's
4   not made or if that's unsuccessful, the next step then is
5   trial.
6           As to settlement, as the District Court Judge, I never
7   get involved in settlement, because I never want the parties to
8   think that I'm influenced at all by the positions that they
9   take in the course of settlement, or that I decide any
10  substantive matters based on any effort to get a case settled.
11  I don't do that.  I'm here to decide issues of law and to
12  preside in a fair manner in the case.  So I don't get involved
13  in settlement.  If the parties were unable to settle, then the
14  next step is can the plaintiffs prevail on a motion for summary
15  judgment or at trial.
16          So that's where we are.  I will do a scheduling order,
17  and it's up to you, the parties, whether they decide whether to
18  proceed with a motion for summary judgment or not.  If they
19  don't proceed to summary judgment, then the next step is trial.
20          MR. KOBLENZ:  Okay.
21          MR. FIELD:  Okay.  This is Dr. Field.  I understand.
22  I mean, I understand the position you're in.  I'm not there of
23  course, but I understand.
24          THE COURT:  All right.  Again, if it's necessary to
25  adjust the schedule at all, all you have to do is write me a

OB4DFieC

1   letter, with a copy to the other parties.  It goes on the

2   docket, and I'll decide the letter.

3            MR. FIELD:  Okay.

4            MR. KOBLENZ:  Do you have any idea, your Honor, while

5   we're here, as to what that scheduling order might look like?

6            THE COURT:  Well, I would certainly give the plaintiff

7   30 days to make a motion for summary judgment, or not, and then

8   put in a response and a reply time.

9            If the motion for summary judgment is not made within

10  30 days, then I would provide for a schedule, again, probably

11  30 days thereafter, probably into the new year sometime for

12  filing a joint pretrial order with request to charge, voir

13  dire, motions in limine, and then a time to respond to those,

14  usually about two weeks.

15           Then a final pretrial conference.  Then a trial date

16  probably in March or April.  That's a rough schedule.

17           MR. KOBLENZ:  Your Honor, I would ask for 45 days to

18  make the motion.

19           THE COURT:  Sure.

20           MR. KOBLENZ:  Thank you.

21           Dr. Field, is there anything you --

22           MR. FIELD:  No.  I understand.  I understand I'm not

23  in the operating room, so I don't have a clue what you're

24  talking about.  I'm just kidding.  You know, I understand.  So

25  --

OB4DFieC

1          THE COURT:  All right.

2          MR. FIELD:  Thank you for your time.   I appreciate it.

3          THE COURT:  Thank you.

4          (Adjourned)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25