UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
DR. DAVID S. FIELD and HOLLY FIELD,

                             Plaintiffs,

   -v-

EXPONENTIAL WEALTH INC., et al.,

                             Defendants.

CIVIL ACTION NO.: 21 Civ. 1990 (JGK) (SLC)

**ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

This action has been referred to the undersigned for an inquest after default and a damages hearing. (Dkt. No. 284 (the "Referral")). The Referral follows a four-day jury trial (the "Trial") before the Honorable John G. Koeltl involving Plaintiffs Dr. Davis S. Field and Holly Field (together, the "Plaintiffs"), along with Defendants Ryan Murnane a/k/a Ryan Michaels and Krystalynne Murnane (together, the "Murnane Defendants"). (Dkt. Minute Entries dated Oct. 28, 2025–Oct. 31, 2025).

Before the Trial, on August 11, 2022, the Clerk of Court issued Certificates of Default (the "CoDs") for Defendants Exponential Wealth Inc., Nolan Bennett, and Christopher Paul (together, the "Defaulting Defendants"). (Dkt. Nos. 156–58). Defaulting Defendants did not attend the Trial.

On August 12, 2022, Plaintiffs filed proposed Orders to Show Cause with accompanying declarations, proposed default judgments, and statements of damages against each of the Defaulting Defendants. (Dkt. Nos. 159–72 (the "Damages Submissions")). On August 15, 2022, Judge Koeltl entered Orders to Show Cause (the "OTSCs") as to why

1

default judgment should not be entered against Defaulting Defendants. (Dkt. No. 173–75). On the same day, Plaintiffs served the OTSCs on Defaulting Defendants, making Defaulting Defendants' deadline to respond to the OTSCs September 6, 2022. (Dkt. Nos. 177–79; see Dkt. No. 192). Defaulting Defendants did not respond to the OTSCs. (Dkt. No. 192). On January 25, 2023, given Defaulting Defendant's failure to respond to the OTSCs, Judge Koeltl ordered that the Plaintiffs are entitled to default judgment against Defaulting Defendants and stayed an inquest on damages as to the Defaulting Defendants (the "Inquest") pending a decision on a separate motion for default judgment against the Murnane Defendants. (Dkt. No. 126 (the "Murnane Motion"); 192).

Now that the Court has decided the Murnane Motion (Dkt. No. 193), and Trial has concluded, it is appropriate to conduct the Inquest as to the Defaulting Defendants. Accordingly, it is **ORDERED** that:

1. Plaintiff shall serve their Damages Submissions (Dkt. Nos. 159–62; 164–66; 168–70; 171-72) on Defaulting Defendants and file proof of service by no later than **November 14, 2025.**

2. Defaulting Defendants shall submit their response to Plaintiffs' Damages Submissions, if any, no later than **November 28, 2025**. <u>IF DEFAULTING DEFENDANTS (1) FAIL TO RESPOND TO PLAINTIFFS' DAMAGES SUBMISSIONS, OR (2) FAIL TO CONTACT MY CHAMBERS BY **NOVEMBER 28, 2025** AND REQUEST AN IN-COURT HEARING, I INTEND TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES BASED ON PLAINTIFFS' DAMAGES SUBMISSIONS ALONE WITHOUT AN IN-COURT HEARING.</u>

See <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997) ("'[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.'" (quoting <u>Fustok v. ContiCommodity Servs. Inc.</u>, 873 F.2d 38, 40 (2d Cir. 1989))).

3. Plaintiffs shall serve this Order on Defaulting Defendants and file proof of service by no later than **November 14, 2025.**

Dated:   New York, New York
         November 10, 2025

SO ORDERED.

_____
**SARAH L. CAVE
United States Magistrate Judge**