UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---

DR. DAVID S. FIELD, ET AL.,                 21-cv-1990 (JGK)

                Plaintiffs,      JUDGMENT

    - against -

RYAN MURNANE, ET AL.,

                Defendants.
---

JOHN G. KOELTL, District Judge:

    The above action was tried to a verdict before this Court, the Honorable John G. Koeltl, District Judge, presiding, and a jury of eight. The trial, which commenced on October 28, 2025 and concluded on November 5, 2025, involved the remaining claims in the Second Amended Complaint dated June 3, 2022, ECF No. 138, against defendants Ryan Murnane and Krystalynne Murnane.

    The plaintiffs, Dr. David S. Field and Holly Field, sought damages as follows:

1. Against defendants Exponential Wealth, Inc. ("EWI"), Ryan Murnane (a/k/a Ryan Michaels), Krystalynne Murnane, and Christopher Paul (a/k/a Nolan Bennett) for conversion;

2. Against defendants EWI, Ryan Murnane, Krystalynne Murnane, and Christopher Paul for fraud;

3. Against defendant EWI for breach of contract;

4. Against defendants Ryan Murnane, Krystalynne Murnane, and Christopher Paul for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18

1

        U.S.C. § 1962(c), and for conspiracy to violate RICO, 18 U.S.C. § 1962(d);

5. Against defendants EWI, Ryan Murnane, Krystalynne Murnane, and Christopher Paul for breach of fiduciary duty;

6. Against defendants EWI, Ryan Murnane, Krystalynne Murnane, and Christopher Paul for unjust enrichment;

7. Against defendants EWI, Ryan Murnane, Krystalynne Murnane, and Christopher Paul for violations of New York General Business Law § 349.

Certificates of default were entered against defendants EWI and Christopher Paul, and the Court found that the plaintiffs were entitled to a default judgment against those defendants with a determination of damages to be deferred until after trial. ECF Nos. 192, 284.

At the conclusion of the jury trial, the jury returned a verdict in favor of the plaintiffs and against Ryan Murnane on the plaintiffs' claims for common-law fraud, substantive violations of RICO, RICO conspiracy, breach of fiduciary duty, unjust enrichment, and violation of New York General Business Law § 349. The jury returned a verdict in favor of the plaintiffs and against Krystalynne Murnane on the plaintiffs' claims for substantive violations of RICO and unjust enrichment.

On the Special Verdict Form, the jury awarded the following damages:

1. Fraud claim against Ryan Murnane: $141,100

2.  Substantive RICO claim against Ryan Murnane: $141,100

3.  Substantive RICO claim against Krystalynne Murnane: $141,100

4.  RICO conspiracy claim against Ryan Murnane: $141,100

5.  Breach-of-fiduciary-duty claim against Ryan Murnane: $141,100

6.  Unjust-enrichment claim against Ryan Murnane: $141,100

7.  Unjust-enrichment claim against Krystalynne Murnane: $141,100

8.  Section 349 claim against Ryan Murnane: $141,100

The jury found that the earliest ascertainable date on which each of the above claims accrued was June 14, 2019.

As prevailing plaintiffs on the RICO claims, the plaintiffs are entitled to treble damages, 18 U.S.C. § 1964(c). The plaintiffs' RICO damages against Ryan Murnane are trebled from $282,200 to $846,600. The plaintiffs' RICO damages against Krystalynne Murnane are trebled from $141,100 to $423,300.

As prevailing plaintiff on the RICO claims, the plaintiffs are also entitled to recover their attorneys' fees. See 18 U.S.C. § 1964(c). The amount of the fee award shall be established by motion pursuant to Federal Rule of Civil Procedure 54(d)(2), to be filed no later than fourteen days after the entry of judgment unless the Court otherwise orders, which fees shall become part of the final judgment.

On the New York state-law claims for common-law fraud, breach of fiduciary duty, unjust enrichment, and violation of § 349, the plaintiffs shall recover prejudgment interest at the rate of 9 percent per annum pursuant to New York C.P.L.R. §§ 5001, 5004, in the amount of $407,585.71.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, that the plaintiffs shall recover from Ryan Murnane, and JUDGMENT IS HEREBY ENTERED in favor of the plaintiffs against Ryan Murnane, in the amount of $1,737,068.57, consisting of: the jury's award of $564,400 for the plaintiffs' state-law claims of common-law fraud, breach of fiduciary duty, unjust enrichment, and violation of § 349; prejudgment interest for 2,343 days at the rate of 9 percent per annum on the plaintiffs' state-law claims, totaling $326,068.57; and the jury's award for $282,200, trebled to $846,600, for the plaintiffs' RICO claims.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that the plaintiffs shall recover from Krystalynne Murnane, and JUDGMENT IS HEREBY ENTERED in favor of the plaintiffs against Krystalynne Murnane, in the amount of $645,917.14, consisting of: the jury's award of $141,100 for the plaintiffs' state-law claim for unjust enrichment; prejudgment interest for 2,343 days at the rate of 9 percent per annum on the plaintiffs' state-law claim of unjust enrichment, totaling $81,517.14; and the jury's award of $141,100, trebled to $423,300, for the plaintiffs' RICO claim.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that the remaining claims against Ryan Murnane and Krystalynne Murnane are dismissed with prejudice.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that the plaintiffs shall recover any taxable costs that are appropriate under Federal Rule of Civil Procedure 54(d)(1), Local Civil Rule 54.1, and 28 U.S.C. § 1920.

Pursuant to Federal Rule of Civil Procedure 54(b), this judgment shall be entered as a final judgment because there is no just reason for delay.

**SO ORDERED.**

**Dated:**   New York, New York
            November 12, 2025

_____
John G. Koeltl
United States District Judge

5