UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. DAVID S. FIELD and HOLLY FIELD,

                    Plaintiffs,

-v-

EXPONENTIAL WEALTH INC., et al.,

                    Defendants.

CIVIL ACTION NO. 21 Civ. 1990 (JGK) (SLC)

**ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

Pursuant to the Court's Order at Dkt. No. 285, Plaintiffs Dr. Davis S. Field and Holly Field (together, the "Plaintiffs") were required to file proof of service on Defendants Exponential Wealth Inc., Nolan Bennett, and Christopher Paul (together, the "Defaulting Defendants") of: (i) the Court's Order at Dkt. No. 285 (the "Inquest Order"), and (ii) Plaintiffs' proposed Orders to Show Cause with accompanying declarations, proposed default judgments, and statements of damages against each of the Defaulting Defendants (Dkt. Nos. 159–62; 164–66; 168–70; 171-72 (the "Damages Submissions")) by November 14, 2025. (Dkt. No. 285 at 2). On November 17, 2025, Plaintiffs having not filed the required proof of service, the Court sua sponte extended to November 24, 2025 Plaintiffs' deadline to file it. (Dkt. No. 288). To date, Plaintiffs still have not filed the required proof of service. As a final courtesy, the Court sua sponte **EXTENDS** Plaintiffs' deadline to file the proof of service of the Inquest Order and Damages Submissions on the Defaulting Defendants up to and including **December 5, 2025**.

PLAINTIFFS ARE WARNED THAT FAILURE TO FILE THIS PROOF OF SERVICE BY

1

**DECEMBER 5, 2025** MAY RESULT IN THE UNDERSIGNED ISSUING A REPORT AND RECOMMENDATION THAT RECOMMENDS DENIAL OF PLAINTIFFS' DAMAGES SET FORTH IN THE DAMAGES SUBMISSIONS.

Assuming Plaintiffs file the required proof of service, as stated above, by December 5, 2025, Defaulting Defendants' deadline to submit their response to the Damages Submissions, if any, is **EXTENDED** up to and including **December 19, 2025**. IF DEFAULTING DEFENDANTS (1) FAIL TO RESPOND TO PLAINTIFFS' DAMAGES SUBMISSIONS, OR (2) FAIL TO CONTACT MY CHAMBERS BY **DECEMBER 19, 2025** AND REQUEST AN IN-COURT HEARING, THE UNDERSIGNED INTENDS TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES BASED ON PLAINTIFFS' DAMAGES SUBMISSIONS ALONE WITHOUT AN IN-COURT HEARING. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) ("'[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.'" (quoting Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989))).

Dated:      New York, New York
            November 25, 2025

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**