```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------

DR. DAVID S. FIELD, ET AL.,                    21-cv-1990 (JGK)

                Plaintiffs,        ORDER

    - against -

RYAN MURNANE, ET AL.,

                Defendants.

------------------------------------------------

JOHN G. KOELTL, District Judge:

    On November 21, 2025, the defendant Krystalynne Murnane moved to stay the Court's judgment for the plaintiffs pending her appeal and for a temporary restraining order.[1] ECF No. 290 ("Stay Mot."). Because a filing by a pro se party must be construed liberally and interpreted "to raise the strongest arguments that it suggests," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), Ms. Murnane's motion is construed as a motion for a new trial under Federal Rule of Civil Procedure 59.[2]

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

[2] Ms. Murnane filed a notice of appeal before filing this motion. See ECF No. 289. Federal Rule of Appellate Procedure 4(a)(4)(B)(i) provides, however, that "[i]f a party files a notice of appeal after the court announces ... a judgment — but before it disposes of [a Rule 59 motion] — the notice becomes effective to appeal a judgment or order ... when the order disposing of the last such remaining motion is entered." See also New Windsor Volunteer Ambulance Corps, Inc. v. Meyers, 442 F.3d 101, 120 (2d Cir. 2006) ("[T]he notice of appeal simply does not become effective before an order disposing of [the pending Rule 59] motion has been entered.").

1

Rule 59 provides that "[t]he court may, on motion, grant a new trial on all or some of the issues ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court," Fed. R. Civ. P. 59(a)(1)(A), including if the verdict is against the weight of the evidence. "A decision is against the weight of the evidence if and only if the verict is (1) seriously erroneous or (2) a miscarriage of justice." Raedle v. Credit Agricole Indosuez, 670 F.3d 411, 417–18 (2d Cir. 2012).

Ms. Murnane also moves for a stay of the judgment pending appeal.[3] The Court construes this motion as one under Rule 62(b), which provides that a judgment debtor may stay the execution of a money judgment as of right by posting a supersedeas bond. Fed. R. Civ. P. 62(b). "A district court can, in its discretion, waive the bond imposed by this rule." Saadeh v. Kagan, No. 20-cv-1945, 2024 WL 5514998, at *1 (S.D.N.Y. Feb. 14, 2024). The Court of Appeals for the Second Circuit has identified five non-exhaustive factors to consider in exercising this discretion:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost

---

[3] Execution on a judgment and proceedings to enforce that judgment are automatically stayed for thirty days after judgment is entered unless the Court orders otherwise. Fed. R. Civ. P. 62(a).

2

of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Nassau Cnty. Strip Search Cases, 783 F.3d 414, 417–18 (2d Cir. 2015).[4]

Ms. Murnane emphasizes that without a stay, she will face immediate financial hardship. Stay Mot. 3. "However, the Nassau County factors, unlike the standard to proceed in forma pauperis on appeal, do not focus on potential financial hardship to the judgment debtor." Saadeh, 2024 WL 5514998, at *1. They aim instead to determine whether a bond is unnecessary "to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed." Nassau Cnty., 783 F.3d at 417.

Given the purpose of Rule 62(b), Ms. Murnane has not adequately demonstrated that the Court should waive the bond

---

[4] Ms. Murnane focuses in her brief on the traditional stay factors relevant to a motion for a stay pending the appeal of an injunction. However, because Ms. Murnane "seeks a stay of a money judgment pending appeal pursuant to Rule 62(b), the Court does not have occasion to consider factors, such as the likelihood of success on the merits, that are germane to motions for stays pending appeals of injunctions." Saadeh, 2024 WL 5514998, at *2; see also Moore v. Navillus Tile, Inc., No. 14-cv-8326, 2017 WL 4326537, at *3 (S.D.N.Y. Sept. 28, 2017) ("It could, therefore, not be clearer that the traditional stay factors ... are inapplicable to [a motion for stay of money judgment].").

requirement. In fact, "there is a real risk that the prevailing part[ies] ... will not recover in full, and this risk stands to grow if" the plaintiffs cannot "pursue recovery during the period while" Ms. Murnane's Rule 59 motion, and anticipated appeal, are litigated. Saadeh, 2024 WL 5514998, at *1; see also Moore, 2017 WL 4326537, at *3 (declining to waive bond requirement under Nassau Cnty. despite judgment-debtor's purported inability to pay judgment or bond).

While the fifth Nassau County factor considers "the precarious financial situation" of the judgment debtor, 783 F.3d at 417, it "does so in the context of considering prejudice to other creditors who may have claims to the debtor's property," Butler v. Ross, No. 16-cv-1282, 2017 WL 6210843, at *3 (S.D.N.Y. Dec. 7, 2017) (emphasis in original). "The fifth Nassau County factor does not envisage waiving the bond requirement because a debtor simply cannot pay." Id.; see also TD Bank, N.A. v. Miller, No. 18-cv-10608, 2022 WL 1094160, at *1 (S.D.N.Y. Apr. 12, 2022) ("The fifth factor, however, is instead aimed at protecting the judgment debtor's other creditors, and thus, it carries the least persuasive weight in determining whether to grant a stay without bond.").

\* \* \*

As explained above, the Court construes Ms. Murnane's motion in part as one for a new trial under Rule 59. The

4

plaintiffs shall file any response to Ms. Murnane's Rule 59 motion by **Tuesday, December 9, 2025**. Ms. Murnane shall file any reply by **Tuesday, December 23, 2025**. Ms. Murnane's motion for a stay without posting a bond is **denied**.

SO ORDERED.

Dated:    New York, New York
         November 26, 2025

                                   _____
                                         John G. Koeltl
                                   **United States District Judge**

5