UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. DAVID S. FIELD and HOLLY FIELD,

                                Plaintiffs,

  -v-

EXPONENTIAL WEALTH INC., et al.,

                                Defendants.

CIVIL ACTION NO. 21 Civ. 1990 (JGK) (SLC)

**ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

Pursuant to the Court's Order at Dkt. No. 285, Plaintiffs Dr. Davis S. Field and Holly Field (together, the "Plaintiffs") were required to file proof of service on Defendants Exponential Wealth Inc. ("EWI"), Nolan Bennett ("Mr. Bennett"), and Christopher Paul ("Mr. Paul") (together, the "Defaulting Defendants") of: (i) the Court's Order at Dkt. No. 285 (the "Inquest Order"), and (ii) Plaintiffs' proposed Orders to Show Cause with accompanying declarations, proposed default judgments, and statements of damages against each of the Defaulting Defendants (Dkt. Nos. 159–62; 164–66; 168–70; 171–72 (the "Damages Submissions")) by November 14, 2025. (Dkt. No. 285 at 2). On November 17, 2025, Plaintiffs having not filed the required proof of service, the Court sua sponte extended to November 24, 2025 Plaintiffs' deadline to file it. (Dkt. No. 288). On November 25, 2025, Plaintiffs still having not filed the required proof of service, as a final courtesy, the Court sua sponte extended to December 5, 2025 Plaintiffs' deadline to file it. (Dkt. No. 295).

On December 4, 2025, Plaintiffs filed proof of service of the Damages Submissions on Defendants Ryan Murnane, Krystalynne Murnane (together, the "Murnane Defendants"),

1

and Mr. Paul. (Dkt. No. 297 (the "PoS")).[1] The PoS, however, does not indicate (i) that the Inquest Order was served on any of the Defaulting Defendants, or (ii) that the Damages Submissions were served on EWI or Mr. Bennett. (See Dkt. No. 297).

On or before December 15, 2025, Plaintiffs are required to file proof of service of both (i) the Inquest Order (Dkt. No. 285), and (ii) the Damages Submissions (Dkt. Nos. 159–62; 164–66; 168–70; 171–72) on the Defaulting Defendants at the following addresses:

**Exponential Wealth Inc.**
99 Wall St., Suite 1144
New York, NY 10005

**Nolan Bennett**
888 Edgegrove Ave
Staten Island, NY 10309

**Christopher Paul**
136 Minna Ave. PVT House
Avenel, NJ 07001

and

35 Osage Lane
Staten Island, NY 10312

PLAINTIFFS ARE WARNED THAT FAILURE TO FILE THIS PROOF OF SERVICE BY **DECEMBER 15, 2025** MAY RESULT IN THE UNDERSIGNED ISSUING A REPORT AND RECOMMENDATION THAT RECOMMENDS DENIAL OF PLAINTIFFS' DAMAGES SET FORTH IN THE DAMAGES SUBMISSIONS.

Assuming Plaintiffs file the required proof of service, as stated above, by

---

[1] Plaintiffs were not required to serve the Damages Submissions on the Murnane Defendants. (See Dkt. Nos. 285; 288; 295). We note that the inquest after default only pertains to the Defaulting Defendants, not the Murnane Defendants. (See Dkt. Nos. 284–85).

December 15, 2025, Defaulting Defendants' deadline to submit their response to the Damages Submissions, if any, is **EXTENDED** up to and including **December 29, 2025**. <u>IF DEFAULTING DEFENDANTS (1) FAIL TO RESPOND TO PLAINTIFFS' DAMAGES SUBMISSIONS, OR (2) FAIL TO CONTACT MY CHAMBERS BY **DECEMBER 29, 2025** AND REQUEST AN IN-COURT HEARING, THE UNDERSIGNED INTENDS TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES BASED ON PLAINTIFFS' DAMAGES SUBMISSIONS ALONE WITHOUT AN IN-COURT HEARING</u>.  See <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997) ("'[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.'" (quoting <u>Fustok v. ContiCommodity Servs. Inc.</u>, 873 F.2d 38, 40 (2d Cir. 1989))).

Dated:   New York, New York
         December 8, 2025

                                        SO ORDERED.

                                        _____
                                        **SARAH L. CAVE**
                                        **United States Magistrate Judge**