UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DR. DAVID S. FIELD AND
HOLLY FIELD                                  :
                                             :
                          Plaintiffs,        : Civil Action No. 1:21-CV-10990 (JGK) (SLC)
                                             :
  v.                                         :
                                             :
EXPONENTIAL WEALTH INC.,                     :
RYAN MICHAEL MURNANE,                        :
KRYSTALYNNE MURNANE, and                     :
CHRISTOPHER PAUL,         :
                                             :
                                             :
                          Defendants.        :
                                             :

---

## DECLARATION OF DR. DAVID S. FIELD

I, Dr. David S. Field, pursuant to 28 USC § 1746, declare under the penalty of perjury under the laws of the United States that the following is true and correct:

1.      I am the plaintiff in the above-captioned case and respectfully submit this declaration in opposition to defendant Krysta-Lynne Murnane's application for a new trial under Federal Rule of Civil Procedure 59.

2.      Ms. Murnane's application should be denied because it fails to meet its burden of persuasion in identifying a serious erroneous result or that the verdict is a miscarriage of justice. "A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Atkins v. New York City,* 143 F.3d 100, 102 (2d Cir. 1998) (quoting *Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 911 (2d Cir. 1997)). Defendant's motion fails to establish either of the foregoing criteria.

3. The evidence admitted into evidence during the trial demonstrated that Ms. Murnane was participating in the fraud alleged, and, in fact, her name was on every invoice EWI sent me listing her as "Director of Operations", which the jury presumably relied on and returned a verdict in favor of Plaintiffs. Moreover, evidence was submitted that showed that she provided substantial support for the RICO conspiracy and that she enjoyed the fruits of the fraud perpetrated by Exponential Wealth Inc. ("EWI")—including shopping at boutiques and having cosmetic procedures. Further, "an agreement to violate Section 1962(c) can be inferred." *See Palatkevich v. Choupak*, Nos. 12 Civ. 1681 (CM), No. 12 Civ. 1682 (CM), 2014 U.S. Dist. LEXIS 10570, 2014 WL 1509236, at *21-22 (S.D.N.Y. Jan. 24, 2014).

4. The fact that she was "unaware of her opportunity to testify in her own defense" is of no moment. *See* Motion to Stay Judgment Pending Appeal and for Temporary Restraining Order/Preliminary Injunction at 2. Ms. Murnane *asked* to be excused from attending the proceeding due to childcare issues. The fact that the Court granted her request was not a free pass to avoid liability. She decided not to participate in the trial and put forth a defense. That decision she made is not grounds for a new trial. "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *ING Global v UPS Oasis Supply Corp.*, 757 F3d 92, 97 (2d Cir 2014) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995)).

5. Ms. Murnane's application for a new trial also seems to be premised on the fact that she did not speak directly with me. This is legally immaterial. "RICO conspiracy does not require that the defendant agree to commit any predicate acts; rather it requires only that he agree to join an enterprise with knowledge the predicate acts will be committed by some other member

of the enterprise." *Fertitta v. Knoedler Gallery, LLC*, No. 14-CV-2259 (JPO), 2015 U.S. Dist. LEXIS 10419, at *16-19 (S.D.N.Y. 2015). Rather, "a RICO conspiracy can be established instead by [a defendant merely] providing assistance to the conspiracy." *United States v. Zemlyansky*, 908 F.3d 1, 11 n. 6 (2d Cir. 2018). The jury rightly found that Ms. Murnane was a principal (Director of Operations of EWI) and member of the enterprise with knowledge the predicate acts would be committed by some other members of the enterprise, including and specifically, her husband, co-defendant Ryan Michael Murnane.

6. Based on the foregoing facts of record and authorities, I respectfully request that the Court in all things DENY defendant Krysta-Lynne Murnane's application for a new trial.

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1924.

Executed this 9th day of December 2025, at Dubuque, Iowa.

_____
Dr. David S. Field