**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DR. DAVID S. FIELD, ET ANO.,

**Plaintiffs,**

- against -

RYAN MURNANE, ET AL.,

**Defendants.**

**21-cv-1990 (JGK)**

**Memorandum
Opinion and Order**

---

**John G. Koeltl, District Judge:**

The defendant-appellant Krysta-Lynne Murnane has moved for transcripts at the Government's expense for appeal. For the following reasons, that request is **denied**.

**I.**

The Court has already denied Ms. Murnane's application for a stay of this Court's judgment pending appeal. ECF No. 296. The Court has also denied Ms. Murnane's application for a new trial pursuant to Federal Rule of Civil Procedure 59. ECF No. 311. Ms. Murnane now seeks to have transcripts prepared at the Government's expense for purposes of appeal. Ms. Murnane claims that she raises "substantial and non-frivolous issues concerning the proceedings before the District Court."[1] Mot. for Trs. 2, ECF No. 316. Ms. Murnane argues that she "was never called to testify in support of [her] own defense during the course of the proceedings/trial" and that she "believes

---

[1]  Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

this issue materially affected [her] ability to present [her] case and constitutes a substantial issue for appellate review." Id.

Under 28 U.S.C. § 753(f), "[f]ees for transcripts furnished in non-habeas civil proceedings to persons permitted to appeal in forma pauperis shall be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." In re Purdue Pharma L.P., No. 25-cv-10433, 2026 WL 906269, at *1 (S.D.N.Y. Apr. 2, 2026). "Courts have defined a substantial question for the purposes of Section []753(f)[] as a question that is reasonably debatable when judged on an objective basis." Eldaghar v. City of N.Y. Dep't of Citywide Admin. Servs., No. 02-cv-9151, 2009 WL 1730977, at *1 (S.D.N.Y. June 18, 2009).

The issue raised by Ms. Murnane is not reasonably debatable. Ms. Murnane was not called as a witness at trial because she decided to absent herself from the trial without permission. While the Court could have defaulted Ms. Murnane, it chose not to do so, and the jury eventually found Ms. Murnane liable on several but not all of the counts alleged against her. As the Court explained in denying Ms. Murnane's motion for a new trial:

> Ms. Murnane contends that "had [she] been given the opportunity to testify, [she] would have personally clarified" that she was not involved with EWI. Reply ¶ 4. But Ms. Murnane did have the opportunity to testify; she simply declined to testify or call any witnesses in her defense. In fact, not only did Ms. Murnane decline to testify in her own defense—she absented herself from the final days of the trial without the Court's permission. The Court could have defaulted her for that reason alone but declined to do so. See ECF No. 282. The Court was clear, however, that "Ms. Murnane

[wa]s not excused from the trial" and that "[t]he trial w[ould] continue and may end without Ms. Murnane." Id.

Ms. Murnane insists that the verdict was "a miscarriage of justice" because she was "never informed of [her] opportunity to testify nor any alternatives to do so." Reply ¶ 5. But that is inaccurate. Several months before the trial began, the Court provided all of the parties with a manual for pro se litigants appearing before the United States District Court for the Southern District of New York. See generally ECF No. 278. This manual describes witness examination in depth and explains that pro se parties may testify on their own behalf on direct examination. Id. at 61. Furthermore, the Court explained during its preliminary instructions to the jury that the defendants may present and examine witnesses in their own case-in-chief. Ms. Murnane was present for those instructions. Indeed, Ms. Murnane's co-defendant, Mr. Murnane, examined witnesses in his case-in-chief. Ms. Murnane's argument that the verdict represents a miscarriage of justice because she was unaware that she could testify in her own defense is therefore without merit.

ECF No. 311. Moreover, Ms. Murnane's co-defendant, Mr. Murnane, who also appeared pro se, testified extensively in his own behalf. And Ms. Murnane, while she was present before she absented herself, asked questions of witnesses.

Because Ms. Murnane's appeal presents no substantial question, her request to have the Government provide transcripts is **denied**.

## II.

To the extent Ms. Murnane seeks an order from this Court to proceed in forma pauperis on appeal, that request is also denied, for substantially the same reason her motion for transcripts at the Government's expense is denied.

3

"The decision of whether to grant a request to proceed in forma pauperis is left to the District Court's discretion under 28 U.S.C. § 1915," and "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Burda Media Inc. v. Blumenberg, 731 F. Supp. 2d 321, 322–23 (S.D.N.Y. 2010); see also Fed. R. App. P. 24(a)(3)(A) ("A party ... may proceed on appeal in forma pauperis ... unless the district court ... certifies that the appeal is not taken in good faith ...."). The standard for "good faith" in pursuing an appeal is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). A party demonstrates good faith "when [the party] seeks appellate review of any issue not frivolous." Id.; see also Linden v. Harper & Row Publ'rs, 490 F. Supp. 297, 300 (S.D.N.Y. 1980) (applying objective good-faith standard to civil case).

Because Ms. Murnane has not identified any non-frivolous issue for appeal, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Coppedge, 369 U.S. at 444–45.

## III.

The Court has considered all of Ms. Murnane's arguments. To the extent not specifically addressed, those arguments are either moot or without merit.

For the foregoing reasons, Ms. Murnane's motion is **denied**. The Clerk is respectfully instructed to close ECF No. 316.

**SO ORDERED.**

Dated:    New York, New York
         May 26, 2026

_____
              John G. Koeltl
       **United States District Judge**