**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**DR. DAVID S FIELD, ET ANO.,**

**Plaintiffs,**

**- against -**

**EXPONENTIAL WEALTH INC., ET AL.,**

**Defendants.**

**21-cv-1990 (JGK)**

**Memorandum Opinion and Order**

**John G. Koeltl, District Judge:**

The Clerk issued certificates of default for the defendants Exponential Wealth, Inc. ("EWI") and Christopher Paul, also known as Nolan Bennett ("Paul"). The Court referred the matter to Magistrate Judge Cave for an inquest on damages. Magistrate Judge Cave issued a Report and Recommendation dated July 10, 2026, ECF No. 319 (the "Paul R & R"). No objections to the Report and Recommendation have been filed and the time to file objections has passed. The Court therefore adopts the Report and Recommendation, with the clarification set out below.

The plaintiffs, Dr. David Field and Holly Field, brought this action against EWI, Ryan Murnane, Krysta-Lynne Murnane, and Paul. The plaintiffs alleged that the defendants engaged in a wrongful scheme to defraud them into investing in alleged rare and valuable coins that were misrepresented or never delivered. EWI and Paul defaulted and the Clerk entered certificates of default against them, but the plaintiffs went to trial against Ryan Murnane and Krysta-Lynne Murnane. A jury returned a verdict against the Murnanes on

various claims. Before the Court now is the Magistrate Judge's Report and Recommendation on the inquest on damages as a result of the defaults by EWI and Paul.

The Magistrate Judge determined that no damages should be imposed against EWI because the plaintiffs failed to serve their damages submission on EWI despite being warned that failure to effect service could result in denial of their request for damages. The plaintiffs therefore failed to show proof of damages with respect to the claims against EWI and the Magistrate Judge recommended that the claim for damages by EWI be denied. The plaintiffs failed to object to that conclusion and any objection is waived. Therefore, any claim for damages against EWI is denied.

With respect to the claim for damages against Paul, the Magistrate Judge carefully reviewed the claims asserted against Paul and determined that the plaintiffs had alleged viable claims against Paul in the Second Amended Complaint for a violation of RICO, 18 U.S.C. § 1962(c). In determining that the Second Amended Complaint alleged a sufficient claim for the violation of that statute, the Report goes through an explanation of why there was a sufficient allegation that there was an "association-in-fact enterprise." Paul R & R 20. But that discussion was unnecessary because the alleged "enterprise" in this case was EWI, and the Report correctly notes that "Section 1962(c) applies to 'any person employed by or associated with any enterprise engaged in' conduct prohibited by RICO," and that "[a] RICO 'enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or

group of individuals associated in fact although not a legal entity." Paul R & R 19. EWI was alleged to be the enterprise and was alleged to be a New York corporation. It was unnecessary to find that there was a separate association-in-fact enterprise. The Second Amended Complaint adequately alleged the existence of a claim for a violation of 18 U.S.C. § 1962(c) against Paul.

As for damages, the Report and Recommendation correctly looked to the damages that had been established in the trial against the Murnanes. Therefore, the Report correctly concluded that the amount of damages against Paul for the violation of RICO should be $141,100, which should be trebled to $423,300. The damages award for the claim of fraud against Paul should be $141,100. Prejudgment interest was correctly assessed on the claim for fraud in the amount of $89,862.57 up to July 10, 2026, the date of the Report and Recommendation, with $34.79 for each day thereafter until the date of the judgment.

The request for attorney's fees was properly denied as insufficiently supported, but the plaintiffs were allowed costs in the amount of $422.

## CONCLUSION

The Clerk is respectfully directed to enter judgment as follows:

1. The plaintiffs' claims against EWI are **dismissed with prejudice** and the plaintiffs are awarded no damages against EWI.

2. The plaintiffs' RICO conspiracy claim and the conversion, fiduciary duty, unjust enrichment, and Section 349 claims under New York law against Paul are **dismissed with prejudice**.

3. The plaintiffs shall recover from Paul $564,400, consisting of an award of $141,100, trebled to $423,300 for the plaintiffs' RICO claim and $141,100 for the plaintiffs' state-law fraud claim.

4. The plaintiffs shall further recover from Paul prejudgment interest at the rate of 9 percent per annum on the plaintiffs' state-law claim, totaling $89,862.57 as of July 10, 2026, with an additional $34.79 for each day until the date of the judgment; postjudgment interest in an amount consistent with 28 U.S.C. § 1961; and costs in the amount of $422.00.

5. The plaintiffs' motion for attorney's fees is **denied**.

The Clerk is also respectfully directed to close this case.

**SO ORDERED.**

**Dated:** **New York, New York**
**July 31, 2026**

**John G. Koeltl**
**United States District Judge**