UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. DAVID S FIELD, ET ANO.,

Plaintiffs,

- against -

EXPONENTIAL WEALTH INC, ET AL.,

Defendants.

21-cv-1990 (JGK)

**Memorandum Opinion and Order**

**John G. Koeltl, District Judge:**

Following a jury trial, the Court entered judgment for the plaintiffs on November 12, 2025, ECF No. 286, and denied Ms. Murnane's motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a) on March 30, 2026, ECF No. 311. The plaintiffs moved for attorney's fees and costs, and the Court referred the motion to Magistrate Judge Cave. On July 10, 2026, Magistrate Judge Cave issued a Report and Recommendation (the "Report") recommending an award of $223,149.50 in attorney's fees and $9,279.00 in costs. ECF No. 318. No objections were filed within the fourteen-day period prescribed by 28 U.S.C. § 636(b)(1) and Rule 72(b)(2). The Court adopted the Report on July 31, 2026, and directed the Clerk to amend the judgment, ECF No. 321. The Clerk entered the amended judgment on August 10, 2026, ECF No. 323.

Ms. Murnane, who is proceeding pro se, now moves for leave to file objections to the Report out of time. ECF No. 322. She states that she was unable to file timely objections because she was seeking legal representation. For the reasons that follow, the motion is **granted**.

I.

As an initial matter, Ms. Murnane's pending appeal does not deprive the Court of jurisdiction over this motion. Although a notice of appeal ordinarily divests the district court of control over "those aspects of the case involved in the appeal," Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam), an award of attorney's fees is collateral to the merits and separately appealable, Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202–03 (1988). Nothing in this Order disturbs the judgment on the merits.

II.

Ms. Murnane's objections are untimely, and the Report gave clear notice of the objection period and of the consequences of failing to object. See Small v. Sec'y of Health & Hum. Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); Caidor v. Onondaga Cnty., 517 F.3d 601, 605 (2d Cir. 2008). But the waiver that ordinarily follows is a nonjurisdictional rule of judicial administration, and a court "may excuse the default in the interests of justice." Thomas v. Arn, 474 U.S. 140, 155 (1985); see also Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("[B]ecause the waiver rule is nonjurisdictional, we may excuse the default in the interests of justice.").

The Court excuses the default in this case. The delay was brief; there is no prejudice to the plaintiffs beyond a postponement of collection; and there is no indication of bad faith. Ms. Murnane is unrepresented, and the amount at issue is substantial. In these circumstances the interests of justice favor resolving the fee award on the merits of any objections Ms. Murnane may raise.

## III.

Ms. Murnane is advised that her objections may address only the recommended award of attorney's fees and costs. Objections directed to the jury's verdict, to the judgment entered on November 12, 2025, or to the Court's denial of the defendant's Rule 59(a) motion are not properly before the Court and will not be considered.

## CONCLUSION

Ms. Murnane's motion for leave to file objections out of time is **granted**. The Court's July 31, 2026 Order adopting the Report is vacated, and the amended judgment entered on August 10, 2026 is vacated only insofar as it awards attorney's fees and costs. The judgment on the merits entered on November 12, 2025 is unaffected.

Ms. Murnane shall file her objections to the Report on or before August 25, 2026. **No further extensions will be granted.** The plaintiffs may file a response within fourteen days of service of the objections.

The Clerk is respectfully directed to mail a copy of this Order to Ms. Murnane at her address of record.

Finally, Ms. Murnane may consider contacting the City Bar Justice Center's Federal Pro Se Legal Assistance Project in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. The

clinic is run by a private organization; it is not part of, or run by, the Court. An informational flyer regarding the clinic is attached to this Order.

The Clerk is respectfully directed to mail a copy of this Order on the parties and to note mailing on the docket.

**SO ORDERED.**

**Dated: New York, New York**
**August 11, 2026**

**John G. Koeltl**
**United States District Judge**

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)

CITY BAR JUSTICE CENTER

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794**, leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

- **Counseling** about potential federal claims prior to filing suit
- **Interpreting and explaining** federal law and procedure
- **Reviewing drafted pleadings** and correspondence with the Court
- Consulting on **discovery** matters
- Assisting with the **settlement** process (including **mediation**)